THOMAS, Justice.
In an information filed by the County Solicitor for Escambia County 18 May 1950 the appellant was charged with having bought, received and aided in the concealment of property which he then knew had been stolen. Soon afterward, according to the record, the appellant pleaded guilty and the court adjudged him guilty but sentence was deferred for “pre-sentence investigation.” After two months had passed the judge imposed on the appellant the cost of the prosecution and prescribed a sentence of 60 days in the county jail if the appellant failed to' pay. In addition the judge ordered the appellant placed on probation for seven years. Section 948.01, Florida Statutes 1941, and F.S.A.
*167 Evidently the appellant was released on probation and remained at liberty, except for the restrictions and conditions of his probationary status, during a period of approximately five years when a succeeding solicitor filed an information in which he charged that the appellant had been convicted in the District Court of the United States for the Northern District of Florida with unlawfully receiving stolen property, a crime constituting a felony under the laws of Florida, and had been sentenced to imprisonment for eighteen months. In this information was incorporated a recital of the conviction, in the Court of Record of Escambia County, which we related at the outset and the sentence “to seven years probation.” As a cqnclusion, the solicitor asserted that the appellant had, therefore, been twice “convicted of crimes which were felonies in the State of Florida or would have been felonies if they had been committed in the State of Florida.” By this later information, the solicitor undertook to charge the appellant as a- “second offender” under Section 775.09, Florida Statutes 1941, and F.S.A.
Immediately after the last' information was filed the appellant assaulted the procedure with varied ammunition. He sought a writ of error coram nobis, moved to withdraw his plea of guilty to the first information filed. in the state court, moved to quash the last information, attacked the jurisdiction of the court on the ground that the term at which he was sentenced had long since expired, pleaded the statute of limitations, and claimed the state was estopped because of the violation of an agreement among the judge, the solicitor and the appellant which was the basis for the plea of guilty to the first prosecution in the state court. He also pleaded not guilty to the last .information.
The solicitor moved to strike the pleas of the appellant presenting the statute of limitations, the doctrine of estoppel and lack of jurisdiction. He also demurred to them. From what we gather both the motion to strike and the demurrer were directed to all these pleas including the plea of not guilty and when the court ruled, the motion to strike all of them was granted and the demurrer .to them sustained. ,
The motion to quash the second information was denied.
It is in the study of the motion to quash, the petition for writ of error coram nobis, the answer of the state and' the order of the court denying the writ that we ■ have seen the reflection of a situation; ■ at the time of the plea of guity to the first 'information, in 1950, that'‘is remarkable. ’
In both the motion and petition appeared the representations that the appellant pleaded guilty to receiving stolen goods because of circumstances, we-now .recount. The solicitor and appellant’s attorney agreed that if the appellant; would plead guilty, the solicitor- would recommend the assessment of costs and -.the probation of the appellant, and actually promised that such would be the only punishment inflicted on the appellant. The reason 'for this arrangement was the inability of the state to produce its witnesses at the' impending. trial of the appellant.The ' then solicitor reported to the'’court‘the agreement between himself and defense counsel and the court apparently honored the stipulation for the sentence imposed coincided with the one to which the'-solicitor and defense counsel agreed.' The - appellant obeyed the conditions of his probation and the probation was not disturbed until five years afterward when the successor-solicitor filed the information charging commission of two felonies and the judge inflicted on the appellant as a dual offender a sentence of five years in'the penitentiary.
The sentence was entered the same day that the judge denied the petition for writ of error coram nobis and the motion to quash, and granted the motion to strike the pleas and sustained the demurrer to them. _ .
On the preceding day a hearing-had been held before the judge and at the outset the *168 ■attorney for the appellant conceded- that <the appellant ’was the person who had ¡pleaded guilty in • the state court' and who had been' earlier convicted in the .Federal court.
The hearing was then devoted to an inquiry about the circumstances in which the appellant entered the plea that resulted ■ in his being fined the amount of the costs and placed on probation. The attorney -who had .represented him at the time detailed the arrangement to enter a plea of guilty and receive such a sentence because the state was unable to produce its witnesses. His story corresponded with the averments of the motion to quash and the petition for ‘writ of error coram nobis.
The state countered with testimony that the record’ did not show that any subpoenas had been issued for the witnesses whose absence was claimed to have brought ■about the agreement supposedly sanctioned by the court.
It is important to remember that at the time appellant was placed on probation, Hon. Forsyth Caro was county solicitor and at the time of the proceedings we are reviewing, Hon. John L. Reese held the position.
Mr. Caro testified positively that he agreed with the attorney, representing appellant at the time, that he would recommend probation and an order requiring the payment of costs if appellant would plead .guilty, and that he reported the agreement to the judge who honored it by assessing the costs against appellant and placing him on probation. ■. He - said his reason for .making the agreement and recommendation was the failure to have in court the witnesses upon whose testimony conviction would depend. Mr, Caro said he knew at the time that the appellant had been placed on probation by a Federal judge but the subject wás not discussed between himself and appellant’s counsel. We interpolate that the former attorney for the appellant stated that Mr. Caro assured him ■that if the agreement was carried out. that “[tjhis is all that he [appellant] will ever hear about this case, or words to that effect, as long as Fritz [appellant] * * * does,-not violate his parole, probation.”
‘There is no evidence that the appellant had violated the conditions of his probation or that any effort had been made to revoke it. After having been on probation for five years he was hailed into court and senténced to serve five years in the penitentiary because of a former conviction which was known to the county solicitor at the time he agreed to the order assessing the fine and placing the appellant on probation. • The statement that the county solicitor had promised that no more would be heard of the matter, if the appellant observed the conditions of his probation, was not contradicted.
We consider it unnecessary to explore ,the law on the subject o.f probation or to decide the propriety of the rulings on the various pleadings because we think the controversy may be resolved upon the correctness of the sentence imposed for the commission of a second felony. That there had been one conviction is plain. That there had been such a second conviction as to form with the first bases for the additional punishment is obscure indeed.
In essential elements the stories of the attorney and the county solicitor, who at the time of the imposition of the sentence . for receiving stolen property were "representing respectively the appellant and the state, and who were fully informed of the situation,' were harmonious. And the sentence imposed gives emphasis to the correspondence of their accounts.
But one conclusion can be reached from this record, namely, that the appellant was induced to plead guilty by the assurance that he would be placed on probation, and would hear nothing further of the matter if he behaved himself.
The answer of- the present county solicitor to the charge that the agreement had been violated could hardly be called satisfactory. He averred that “even if the *169 [appellant] was induced to enter his plea of guilty to said charge, by promise of the then County Solicitor, which respondent denies, petitioner was not promised that he would hot be prosecuted as an habitual criminal *■ * (Italics supplied.) This thought must have been adopted by the judge for in his order denying the petition for writ of error coram nobis he observed that ‘‘the petitioner was not promised that he would not be prosecuted as an habitual criminal * * That a man would plead güilty when no witnesses were present to prove his guilt, and in order to obtain probation, take the risk of receiving the more severe penalty that might be inflicted upon him as a second offender challenges the credulity of this' court, especially in the face of the testimony, uncontradicted, that the solicitor knew of the first conviction, yet gave his assurance that nothing further would be heard of the case if the appellant did not violate his probation.
As a culmination of the proceedings the judge revoked the order of probation and, on the bases of the two convictions, sentenced the appellant.
We do not approve agreements by which certain sentences will be imposed on consideration of pleas of guilty, but when a man- is induced to plead guilty as this appellant was and the judge passes upon him a-sentence in accordance with the inducement, and .the prosecutor knows .of. the! prior conviction, and the defendant- remains under probation for five years of a seven-year term the so-called second conviction cannot support a sentence under Section 775.09, supra.
The judgment revoking probation and imposing the additional punishment is reversed with directions to proceed ’ under the judgment placing the'appellant Under probation as if that judgment had not been interrupted.
Reversed.
DREW, C. J., and ROBERTS and O’CONNELL, JJ., concur.