Jimmy ARGO, Petitioner,

v.

M. J. WIMAN, Warden, Respondent.

Civ. A. No. 1808–N.

United States District Court
M. D. Alabama, N. D.
July 27, 1962.
On Motion for Rehearing
July 31, 1962.

No appearance for petitioner.

MacDonald Gallion, Atty. Gen., State of Alabama, and John C. Tyson, III, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondent Wiman.

JOHNSON, District Judge.

### ORDER

This cause is now submitted upon the motion of Jimmy Argo filed herein on June 19, 1962, wherein the said Jimmy Argo seeks to have this Court restrain and enjoin the officials for the State of Alabama from rearresting and retrying him for either or both of the offenses for which he was adjudged guilty in the Circuit Court of Jefferson County, Alabama, on March 18, 1960. The issues raised by this motion are not properly before this Court in this habeas corpus proceeding. See the opinion of the United States Court of Appeals for the Fifth Circuit affirming this Court's refusal to issue such an order in the case of Wiman v. Powell (July 13, 1961), 5 Cir., 293 F.2d 605.

It is, therefore, the ORDER, JUDGMENT and DECREE of this Court that the motion for a restraining order, filed herein on June 19, 1962, by Jimmy Argo, wherein he seeks to have this Court restrain and enjoin the authorities for the State of Alabama from rearresting and reprosecuting him on the same charges for which he was arrested and prosecuted on March 17 and 18, 1960, be and the same is hereby denied.

### ON PETITION FOR HABEAS CORPUS

### ORDER

On April 30, 1962, Jimmy Argo, with leave of this Court, filed his petition for writ of habeas corpus in forma pauperis. Argo, who was tried and convicted in the Circuit Court of Jefferson County, Alabama, on March 17, 1960, is presently, and was at the time of the filing of his petition, in the custody of M. J. Wiman, the warden for Kilby Prison, State of Alabama, Montgomery, Alabama, and is serving a six-year sentence imposed upon him as a result of his conviction. Upon the filing of the petition, this Court ordered the warden to show cause why the writ should not be issued. On May 18, 1962, the Attorney General for the State of Alabama, representing the warden in this action, filed his response and answer to this Court's show cause order. Upon consideration of the petition and the response, this Court set the case for a hearing upon its merits. The matter was tried before the Court on June 15, 1962, and the case is now submitted upon the pleadings, depositions, oral testimony, exhibits and briefs of the parties. The petitioner, Jimmy Argo, at his own request, represents himself.

Upon this submission, this Court finds that the petitioner Argo was arrested in February of 1960 for grand larceny of

an interstate shipment and the truck in which the interstate goods were being carried. He was duly indicted in Jefferson County, Alabama, and his case was called for trial by the Circuit Court in that county on March 16, 1960. Sometime during the latter part of that day the case was continued until the following day at 9 a. m. Argo had retained an attorney by the name of Arthur Parker, Birmingham, Alabama, to represent him in this case, and Attorney Parker had been present in open court on the afternoon of March 16, 1960, when the trial judge, the Honorable Wallace Gibson, continued the case until 9 a. m. for the following morning. On the morning of March 17, 1960, the case was called for trial, and Argo's retained counsel, Arthur Parker, was not present in court. The trial judge recessed the case for fifty minutes, and during this interval a diligent effort was made to locate Attorney Parker. Following the short recess, the trial judge appointed the Honorable C. E. (Bud) Huey, a competent trial attorney of Birmingham, Alabama, to represent this defendant. Attorney Huey was appointed over the objection of Argo made to the trial judge in open court. The basis for Argo's objection was that he did not desire to go to trial in the absence of his retained attorney. He requested the trial judge to delay his trial until his retained attorney could be located and be present. This objection was overruled and the request refused. Upon the appointment of Attorney Huey, the trial judge directed the prosecuting officer to make his notes and the grand jury evidence relating to Argo's case available to Hr. Huey. The prosecutor's file was made available to Mr. Huey, and Huey and Argo conferred approximately fifteen minutes prior to the commencement of the trial. During the course of this conference between Argo and his court-appointed attorney, Argo requested the court-appointed attorney to ask the trial judge for a continuance until his retained counsel could be located and be present. The court-appointed attorney refused to make this request, but promised the petitioner Argo that he would engage in certain delaying tactics during the selection of the jury and during the trial so that the retained counsel, Mr. Parker, could be located and be present for as much of the trial as possible; whereupon, the trial commenced, and prior to the noon recess approximately six witnesses, constituting practically all of the State's case, testified. The case was then recessed until 2:30 on that date. During the noon recess, the retained counsel was located, and the retained counsel, the court-appointed counsel, Argo, and some of the witnesses conferred before the trial resumed in the afternoon. Upon the resumption of the trial, other witnesses were called, and some of the State's witnesses who had testified that morning were recalled and cross-examined further by the defendant's counsel. During the afternoon session, the court-appointed counsel and the retained counsel were both present and both participated in defending Argo.

The evidence in this case further reflects that on the day previous to Argo's trial the retained counsel had also represented one of Argo's codefendants; that he was thoroughly familiar with the case and with the testimony that the witnesses (being essentially the same witnesses who testified in the codefendant's case) were to give on the trial of Argo's case. The case was submitted to the jury, and a verdict of guilty was returned. The following day, March 18, 1960, the defendant appeared before the trial judge, was adjudged guilty upon the jury verdict and sentenced to a term of six years' imprisonment in the Alabama penitentiary. Subsequent to this, counsel Arthur Parker filed a motion for a new trial, no mention being made of the fact that he was not present during the morning session of Argo's trial. The motion for a new trial was denied.

There is no question in this case but that Argo has exhausted the remedies

available to him in the courts of the State of Alabama.[1]

■ Argo's contention is that his conviction on the two noncapital, grand larceny offenses violated the protection afforded him by the Fourteenth Amendment to the Constitution of the United States. On the evidence in this case, this Court concludes that the denial of Argo's motion for a short continuance or delay so that his retained counsel, Arthur Parker, could be located and be present, and the appointment of counsel who was not familiar with Argo's case, and the putting of Argo to trial with appointed counsel in the absence of his retained counsel, was arbitrary action on the part of the trial judge to an extent that Argo on March 17, 1960, in the Circuit Court of Jefferson County, Alabama, was denied his due process rights in a constitutional sense. The statement of the Supreme Court of the United States in Reynolds v. Cochran, (1961) 365 U.S. 525, 81 S.Ct. 723, 5 L.Ed.2d 754, is peculiarly applicable in this case:

> " * * * Under those facts, the statement of this Court in Powell v. Alabama [287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158], which provided the basis of our holding in Chandler [348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4], is wholly applicable: 'If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.'

> " * * * Even assuming, which we do not, that the deprivation to an accused of the assistance of counsel when that counsel has been privately employed could ever be termed 'harmless error,' [12] it is clear that such deprivation was not harmless under the facts as presented in this case. * * * "

> "12. It is significant that in Chandler we did not require any showing that the defendant there would have derived any particular benefit from the assistance of counsel."

See also Chandler v. Fretag, (1954) 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 where the Supreme Court stated:

> " * * * Regardless of whether petitioner would have been entitled to the appointment of counsel, his right to be heard through his own counsel was unqualified."

See also House v. Mayo, (1945) 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739, where the Court stated:

> " * * * This was a denial of petitioner's constitutional right to a fair trial, with the aid and assistance of counsel whom he had retained. Powell v. Alabama, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527]; Ex parte Hawk, 321 U.S. 114, 115–116 [64 S.Ct. 448, 88 L.Ed. 572]. We need not consider whether the state would have been required to appoint counsel for petitioner on the facts alleged in the petition. Compare Betts v. Brady, 316 U.S. 455 [62 S.Ct. 1252] 86 L.Ed. 1595, with Williams v. Kaiser, supra, [323 U.S. 471, 65 S.Ct. 363] and Tomkins v. Missouri, 323 U.S. 485 [65 S.Ct. 370]. It is enough that petitioner had his own attorney and was not afforded a reasonable opportunity to consult with him. The fact that petitioner pleaded guilty

1. Argo appealed his conviction to the Court of Appeals of Alabama where it was affirmed on May 31, 1960, without opinion. In March, 1961, Argo filed a petition for writ of habeas corpus in the Circuit Court of Montgomery County, Alabama, which petition was denied. An appeal from this denial resulted in an affirmance dated June 30, 1961 and reported in Ala.App., 133 So.2d 201. An application for certiorari to the Supreme Court of Alabama was denied September, 1961, 272 Ala. 699, 133 So.2d 203. An application for writ of certiorari to the Supreme Court of the United States was denied in January, 1962, without opinion. Argo v. Wiman, 368 U.S. 977, 82 S.Ct. 481, 7 L.Ed.2d 439.

after the denial of his request for time to consult with his counsel, does not deprive him of his constitutional right to counsel. Williams v. Kaiser, supra; Tomkins v. Missouri, supra."

The fact that Argo might not have been entitled, as a matter of right, to the appointment of counsel on these noncapital offenses, Gilchrist v. State (1937) 234 Ala. 73, 173 So. 651, does not affect his constitutional right to have a reasonable opportunity to locate his personally retained counsel who failed to show up, as directed, through no fault of Argo. Cash v. Culver, (1959) 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557, and McNeal v. Culver, (1961) 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445.

It is not necessary in this case for this Court to decide whether Argo is to be presumed prejudiced by the failure of his retained counsel to appear on time and by the forced representation of a court-appointed attorney in his noncapital cases, since, from an appraisal of the totality of facts and circumstances in this particular case, the failure and refusal on the part of the trial judge to delay the commencement of Argo's trial for a reasonable time was a denial of fundamental fairness within the meaning of Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448. This Court finds nothing in the case of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, strongly relied upon by the Attorney General for the warden in this case, that is contrary to the conclusions herein reached by this Court. See Reynolds v. Cochran, supra.

This Court is well aware of the desire and necessity by a trial judge (particularly where he has jurors waiting and ready to serve) of operating his court in an expeditious manner, without undue delay. This Court is also acutely aware of the necessity on the part of the trial judge to refuse to countenance dilatory tactics which are, from time to time, engaged in by certain trial counsel. The evidence in this case reflects that the retained counsel, Arthur Parker, was not present because of some illness which required him to have the services of a physician on the morning of the trial. He failed to notify his client, the trial judge, or any of the court officials that he would be delayed until after the noon recess. The evidence further reflects that the trial judge had a conference in his chambers with Attorney Parker and out of the presence of the jury, concerning Parker's failure to notify the Court that he would not be present on the morning of Argo's trial. All this only serves to show that a reasonable delay in Argo's case from 9 o'clock in the morning until 2:30 in the afternoon would have eliminated the necessity of Argo's being put to trial on two charges of grand larceny with a counsel who was wholly and completely unfamiliar with the case and who had only a few minutes to prepare for the trial thereof. A trial judge's solution to such problems lies in the taking of action against the attorney who fails to appear or notify the court—and not in forcing a defendant into trial without his retained counsel and without a reasonable delay. This fundamental unfairness amounted to a denial of due process of law which was guaranteed to Argo by the Fourteenth Amendment to the Constitution of the United States. Argo's discharge from incarceration based upon the judgment of the Circuit Court of Jefferson County, Alabama, of March 18, 1960, wherein he was sentenced to a term of six years' imprisonment in the penitentiary, is necessitated in this case.

In accordance with the foregoing and for good cause, it is the ORDER, JUDGMENT and DECREE of this Court that the verdict of guilt, the judgment of conviction, and the sentence pronounced thereon in the Circuit Court of Jefferson County, Alabama, on March 17 and 18, 1960, in the case of State of Alabama v. Jimmy Argo, be and each is hereby declared void and invalid as being in violation of Argo's constitutional rights.

It is the further ORDER, JUDGMENT and DECREE of this Court that Jimmy Argo be discharged from the cus-

tody of the State of Alabama and from the custody of Martin J. Wiman, as warden of Kilby Prison, Montgomery, Alabama, and from the custody of any other officers, employees, or agents of the State of Alabama, which custody is pursuant to the conviction and judgment of the Circuit Court of Jefferson County, Alabama, which was pronounced on March 18, 1960. It is ORDERED that Jimmy Argo's discharge from said custody be not later than 10 a. m., August 1, 1962.

It is ORDERED that the costs incurred herein be and they are hereby taxed against the respondent, for which execution may issue.

## ON MOTION FOR REHEARING

### ORDER

This cause is now submitted upon the motion for a rehearing of the order and judgment of this Court in this cause filed herein on July 27, 1962, and motion for a stay of said order, wherein Jimmy Argo was ordered to be discharged, and motion seeking and asking this Court to amend its findings and judgment.

■ Those several grounds in the motion, seeking to have this Court amend and stay its order, which are based upon the theory that Argo waived his right to question the belated appearance of his retained counsel, Arthur Parker, by virtue of Parker's failure to assert the request for a continuance as a ground for the motion for a new trial, were thoroughly considered by this Court prior to its order of July 27, 1962. This Court is of the opinion that under the circumstances in this particular case and particularly in view of the testimony of Attorney Huey, Attorney Parker and Judge Gibson (all given by deposition in this case), Argo could not reasonably expect his retained counsel, Arthur Parker, to raise his own failure to appear in court —whether it was caused from dereliction of duty as the State now hints in its motion, or whether it was caused from a genuine illness—as a ground for a new trial in Argo's behalf. The fact that

Parker did not assert as a ground the fact that he failed to appear, strongly indicates to this Court that Argo might not have been fairly and completely represented on his motion for a new trial, since a more substantial reason for a new trial lay in the failure of the lawyer that was representing him on his motion for a new trial to appear timely and represent him, as he was obligated to do, on the trial of the case. This Court continues of the firm conclusion that in this particular case Argo did not waive the failure of his retained counsel to appear on the trial of his case by reason of the failure of his retained counsel to raise that fact in his motion for a new trial.

■ The next ground in the motion now before this Court which deserves comment is that ground wherein it is stated that Argo was not prejudiced by the failure of the trial court to grant him a continuance until his retained counsel appeared because no witnesses were subpoenaed by retained counsel to appear for the defense. This overlooks the fact that Argo's retained counsel also represented Argo's codefendant who was tried the day before Argo's case was scheduled. The testimony presented to this Court shows that the same witnesses who testified in the codefendant's case —whether their testimony was favorable or unfavorable to the defense—had been subpoenaed by the State in the codefendant's case and were directed to appear and be available to both parties for Argo's case. Retained counsel knew this; he had interviewed them; he had examined them in the codefendant's case and knew exactly what their testimony was to be. Appointed counsel did not know this.

■ The only other ground in the motion now before this Court which deserves comment is the ground predicated upon the theory that it was Argo's fault that retained counsel did not appear in that "retained counsel had advised petitioner, prior to trial, that he would not appear as his attorney until paid * * *." The evidence before this Court does not

sustain such a contention. It is true that Argo had not fully paid his retained counsel. However, his retained counsel had not withdrawn as Argo's attorney and had not filed any motion with the trial court seeking leave to withdraw as Argo's attorney. To the contrary, the testimony in this case reflects that retained counsel, in Argo's presence in open court on the day preceding Argo's trial, advised the court that he would be present in open court at 9 a. m. on the next day to represent Argo in his case. If, as the State now infers in its motion, retained counsel failed to appear timely because Argo had not completely paid his attorney's fee, then the law does not permit such conduct on the part of officers of the court when said conduct prejudices the rights of a defendant in a criminal case. If, as the State infers, the failure of retained counsel to appear on the morning of March 17, 1960, was due to Argo's failure to pay him, then, under the circumstances in this case, where there is no motion to withdraw as counsel and where the trial court was led to believe late on the afternoon before the trial that counsel would be present at 9 a. m. the next day, the problem becomes a disciplinary matter between the trial court and the attorney, and not a matter of the trial court's requiring a defendant to go to trial with appointed counsel on short notice.

For the foregoing reasons and for good cause, it is the ORDER, JUDGMENT and DECREE of this Court that the motion for a rehearing in this cause be and the same is hereby denied.

It is the further ORDER, JUDGMENT and DECREE of this Court that the motion seeking to have this Court amend its findings and judgment of July 27, 1962, be and the same is hereby denied.

It is the further ORDER, JUDGMENT and DECREE of this Court that the motion for a stay of the order of this Court requiring Argo to be discharged on or before 10 a. m., August 1, 1962, be and the same is hereby denied.