339 F.2d 898
 COUNCIL OF FEDERATED ORGANIZATIONS et al., Petitioners,
v.
Hon. Sidney MIZE, United States District Judge for the Southern District of Mississippi, Respondent,
COUNCIL OF FEDERATED ORGANIZATIONS et al., Appellants,
v.
L. A. RAINEY et al., Appellees.
 No. 21795.
 United States Court of Appeals Fifth Circuit.
 December 22, 1964.
 
 Arthur Kinoy, William M. Kunstler, Melvin L. Wulf, New York City, Morton Stavis, Newark, N. J., L. H. Rosenthal, Jackson, Miss., Benjamin E. Smith, New Orleans, La., for appellants.
 Dan H. Shell, Sp. Counsel, Jackson, Miss., Will S. Wells, Asst. Atty. Gen. of State of Mississippi, Joe T. Patterson, Atty. Gen., of State of Mississippi, Jackson, Miss., for respondents.
 Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.
 JONES, Circuit Judge.
 
 
 1
 The Council of Federated Organizations, an organization composed of organizations, and a number of individuals suing on their own behalf and on behalf of others similarly situated, filed their complaint in the United States District Court for the Southern District of Mississippi against the Sheriff and Deputy Sheriff of Neshoba County, Mississippi, individually and as representatives of other Mississippi sheriffs and deputies, the head of the Mississippi Highway Patrol, individually and as representative of all members of the Mississippi State Highway Patrol, and against the Ku Klux Klan, the Association of Citizens Councils of Mississippi, John Doe and Richard Roe are named as defendants as members of the State Police of Mississippi and/or the State Highway Patrol and/or the Mississippi Sheriffs' offices and/or the local police forces in Mississippi. John Smith and Paul Jones are joined as defendants. It is stated that the true names of these defendants are not known although there is not a similar averment with respect to Doe and Roe who are frequently designated as fictitious parties. Smith and Jones are alleged to be white citizens of Mississippi who are committed to the use of force, violence or terroristic acts to deter, punish and intimidate American citizens who seek to utilize constitutional means to obtain for Negro citizens of Mississippi equality, freedom and the right to vote.
 
 
 2
 The complaint charges a conspiracy to commit and the commission of acts of violence and terroristic acts pursuant to the conspiracies to deter and prevent the exercise of federally guaranteed rights. A temporary and permanent injunction is sought against the use of force, violence, or any terroristic act by the individual and the organizational defendants and the represented classes to deter the plaintiffs and the classes represented by them from exercising their constitutional rights and privileges as citizens of the United States. In addition, the plaintiffs (appellants here) pray for an order directing the increase of United States Commissioners pursuant to an unrepealed 1866 statute,[1] so as to provide for at least one of such commissioners in the office of every sheriff in the 82 counties of the State of Mississippi.
 
 
 3
 An application for a temporary injunction was set for hearing at Meridian, Mississippi, on July 23, 1964. At that time and place some of the named individual defendants filed motions to dismiss the complaint on the grounds that it failed to state a claim, that it was not a proper class action, and that the plaintiffs lacked standing to maintain the action. The court reset the hearing for July 30, 1964, at Hattiesburg, Mississippi. At Meridian the court ordered that the three individual plaintiffs who had verified the complaint should "be present in Hattiesburg on the 30th of July at nine o'clock." At the opening of the Hattiesburg hearing plaintiffs' counsel were asked whether the three plaintiffs were present. Counsel for the plaintiffs informed the court that they were standing by in Jackson about ninety miles away, and would come to Hattiesburg in the event it should appear that their testimony would be necessary. The court stated that it had been intended that these plaintiffs should be examined relative to a bond for costs, and the court's order had been disobeyed. Counsel for the defendants moved for a dismissal under Rule 41(b), Fed. Rules Civ.Proc. 28 U.S.C.A.[2] Counsel for the plaintiffs again represented that he had misunderstood the court's order and had believed that the verifying plaintiffs were only desired for questioning as adverse witnesses by the defendants and their presence would not, for such purpose, be required until the plaintiffs had put on their case.
 
 
 4
 With a brief discussion on the motion to dismiss under Rule 41(b) and without any hearing upon the written motion to dismiss, the court granted both motions and dismissed the complaint. The reasons for the dismissal were stated from the bench.[3]
 
 
 5
 The plaintiffs have appealed to this Court from the order of dismissal, and have applied to this Court for
 
 
 6
 (a) A writ of mandamus directing the district court to vacate the order of dismissal and to hear the plaintiffs' motions for temporary injunctions;
 
 
 7
 (b) In the alternative, to reverse the order of dismissal and remand the cause for a hearing on the motions for temporary injunction; and
 
 
 8
 (c) For the entry of an order of this Court temporarily restraining the defendants from acts of force, violence and terror against the plaintiffs and their classes and for the immediate appointment of Special United States Commissioners in six specified Mississippi counties. In support of its application for the entry of an injunctive order by this Court, the applicants have submitted some two hundred fifty affidavits, and various reports and statements of one kind or another.
 
 
 9
 We think it must be inferred from the record that counsel for the plaintiffs misunderstood the district court's order for the appearance before the court of the verifying plaintiffs and that their absence was not willful or in bad faith. This being so, it follows that the drastic sanction of dismissal is an abuse of discretion. 5 Moore's Federal Practice 1040, Par. 41.12. Cf. Societe Internationale Pour Participations Industrielles Et. Commerciales, S.A. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255. The dismissal of the complaint for failure to comply with the court's order was, we conclude, erroneous.
 
 
 10
 The dismissal of the complaint for failure to state a claim was, as has been stated, without a hearing and without an opportunity to be heard. The right of a litigant to be heard is one of the fundamental rights of due process of law. A denial of the right requires a reversal. Reynolds v. Cochran, 365 U.S. 525, 81 S.Ct. 723, 5 L.Ed.2d 754; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215.
 
 
 11
 Since the dismissal of the complaint cannot be sustained on either of the grounds relied upon by the district court, the order of dismissal will be reversed and the cause remanded for further proceedings.
 
 
 12
 By their application for mandamus the plaintiffs would have us direct the district court to enter injunctive orders. The plaintiffs' demands for injunctive and other relief, temporary and permanent, must first be decided by the district court and, when so decided, may be reviewed by this Court by orderly procedure. So, too, should the demands for the extraordinary relief here sought be first requested in the district court. The plaintiffs' applications for mandamus and for extraordinary injunctive relief are denied.
 
 
 13
 Nothing which has been here said or decided is to be regarded as an expression of an opinion by this Court as to whether the complaint is sufficient to withstand the defendants' motion to dismiss for failure to state a claim and other grounds, or any other attack that may be directed to it. Nor do we wish to be understood, by the denial of the plaintiffs' applications for mandamus and for injunctive relief, or by any statements in this opinion, as expressing an opinion as to whether any injunctive order or orders should be issued by the district court. The plaintiffs will not be precluded from renewing their applications for injunctions or making other such applications.
 
 
 14
 If any matters have occurred while this appeal has been pending which the plaintiffs believe are pertinent to their claim, leave to amend their complaint may be sought.
 
 
 15
 If the complaint is found to be sufficient, the district court might appropriately advise the United States Attorney of the pendency of the cause so that the United States might, if it sees fit, apply for leave to intervene or to appear as amicus curiae.
 
 
 16
 Order on appeal reversed and remanded.
 
 
 17
 Applications for mandamus and extraordinary relief denied.
 
 
 
 Notes:
 
 
 [1]
 The district courts of the United States and the district courts of the Territories, from time to time, shall increase the number of commissioners, so as to afford a speedy and convenient means for the arrest and examination of persons charged with the crimes referred to in section 1987 of this title; and such commissioners are authorized and required to exercise all the powers and duties conferred on them herein with regard to such offenses in like manner as they are authorized by law to exercise with regard to other offenses against the laws of the United States. Said commissioners are empowered, within their respective counties, to appoint, in writing, under their hands, one or more suitable persons, from time to time, who shall execute all such warrants or other process as the commissioners may issue in the lawful performance of their duties, and the persons so appointed shall have authority to summon and call to their aid the bystanders or posse comitatus of the proper county, or such portion of the land and naval forces of the United States, or of the militia, as may be necessary to the performance of the duty with which they are charged; and such warrants shall run and be executed anywhere in the state or territory within which they are issued. 42 U.S.C.A. § 1989
 
 
 [2]
 "For failure of the plaintiff * * * to comply with * * * any order of court, a defendant may move for dismissal of an action or of any claim against him."
 
 
 [3]
 "So, I think for two reasons this complaint should be dismissed. First, I don't think it states a cause of action upon which adequate relief, or any relief, could be given for failure to charge overt acts, failure to charge conspiracy, where it was made, when and how it was made, and, more or less, details as should be done. The same rule of law applies to cases of this type as does to cases of fraud. You have got to set out in detail the transactions constituting the cause of action. Here this complaint is a scatter load, the worst I have ever seen. It brings in John Doe, Richard Roe, John Paul Jones, and, I believe, Jim Smith. As to the reference to the Citizens Council, I don't know whether they had process served on them, but, anyway, it sets out who composes the Citizens Council and as to all of them, certainly would be dismissed as to them, but as to all of the defendants I think the complaint is insufficient on its face and for that reason will be dismissed
 "Particularly, it should be dismissed because of a complete violation of a direct order fixing the time at 9:00 o'clock this morning and did not appear and are not here. I had in mind when I fixed that time to take up the question of bond for costs, prepayment of costs herein and not to permit this suit to go on by pauper's oath. Notice had been served upon counsel opposite the defendant that he did propose and intended to file a motion for security of costs, and, certainly, the only way you could get the facts would be by having the parties here. That was my reason for directing them to be here at 9:00 o'clock."