**UNITED STATES, Appellee,**

v.

**Specialist Rufus R. KEYS, 426–27–7850, United States Army, Appellant.**

**ACMR 8802292.**

U.S. Army Court of Military Review.

20 Dec. 1989.

---

For Appellant: Captain Lauren B. Leeker, JAGC (argued), Colonel John T. Edwards, JAGC, Captain Brian D. Bailey, JAGC (on brief).

For Appellee: Captain Jonathan F. Potter, JAGC (argued), Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC (on brief).

Before KANE, GILLEY and NEURAUTER, Appellate Military Judges.

OPINION OF THE COURT

GILLEY, Judge:

The appellant was tried by a military judge sitting as a general court-martial. Contrary to his pleas, the appellant was convicted of possession and distribution of marijuana and of rape, in violation of Articles 112a and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 920 (1982 & Supp. IV 1986), respectively [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for 25 years, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

The appellant contends that he was "substantially prejudiced" by the military judge's refusal to grant his civilian defense counsel a first continuance to prepare for trial. The alleged effect was to deny the appellant effective representation by counsel of his choice. We hold that the accused was denied the right to effective assistance by his civilian counsel and was thereby materially prejudiced. He was forced to proceed through a critical part of his trial without that counsel present and then to proceed to findings and sentence with an unprepared civilian counsel.

### A. Facts

On 16 September 1988, the convening authority referred the charges to trial and on 17 September, the trial counsel caused the charges to be served on the appellant. On 12 October, the military judge convened the first session of the appellant's trial. At that time he properly advised appellant of his rights to counsel. That was the first time a military judge had advised the appellant of his rights to counsel. The military judge subsequently asked appellant whom he desired to represent him. The appellant indicated that he wished only a Mr. W to represent him, not Captain H, his detailed defense counsel, who was present. In fact, the appellant stated that he did not desire any military counsel.

The military judge then proceeded to the appellant's election of forum and his pleas. The appellant elected trial by military judge alone and entered a not guilty plea.

The military judge made it clear that even if Mr. W appeared, those matters would not be reopened. He would allow Mr. W the opportunity to raise additional motions. Mr. W arrived at the hearing. He had been detained by another matter at the time of these elections. The appellant had retained Mr. W on the afternoon of 11 October 1988, the day before this hearing. After requesting a continuance, Mr. W informed the court that appellant retained him on the day before trial, that he had not had the opportunity to investigate the case, and that consequently, he was unprepared to proceed. Prior to Mr. W's request for a continuance, the military judge dismissed Captain H, the appellant's detailed military defense counsel.

The military judge denied the request for a continuance and stated that four witnesses from thousands of miles away were produced with "some effort and inconvenience on their part." A number of other witnesses had also gathered at the site of the trial. Mr. W responded that he understood the inconvenience of the witnesses; yet, he simply had not had the opportunity to prepare and review the appellant's case because he had only been contacted "just yesterday."

The military judge revoked his dismissal of the detailed military defense counsel. The appellant informed the military judge that he could not afford certain civilian attorneys he had attempted to retain within the past two weeks, that he desired Mr. W to represent him, that he did not desire Captain H to represent him, and that he was not prepared to represent himself.

The appellant again requested a two-week continuance. The military judge responded that he could not "have these people sitting here in a hotel for two weeks with their lives on hold, because of a last minute decision on [appellant's] part to change lawyers." The military judge reiterated that a dozen witnesses were ready to testify. The military judge further informed the appellant that it was within the appellant's power to notify the court and the government that he needed extra time to obtain civilian counsel. The appellant

responded that he had not been arraigned "until today."

After additional discussion with the appellant, the military judge asked Captain H whether he was prepared to perform his duty to represent the appellant. Captain H responded affirmatively. Then the military judge informed appellant that Captain H was "still [his] attorney." Recognizing that Mr. W was unprepared, the military judge informed the appellant that he had the following options:

> You can have Captain [H] defend you, you can have Mr. W defend you; or Captain H and Mr. W defend you; or you can have a trial without any lawyers at all. Those are your choices as matters now stand. I want to give you an opportunity to talk to Captain H and Mr. W, think about it a little bit, and how about if we get back together in about 15 minutes.

After the recess, the military judge attempted to discourage the appellant from persisting in his election of Mr. W as his counsel.

### B. Law

Article 40, UCMJ, 10 U.S.C. § 840 (1982), provides that a military judge "may, for reasonable cause, grant a continuance to any party for such time, and as often as may appear to be just." Whether a continuance should be granted rests within the sound discretion of the military judge and his decision will not be overturned except for clear abuse of that discretion. *United States v. Menoken*, 14 M.J. 10 (C.M.A. 1982); *United States v. Dunks*, 1 M.J. 254 (C.M.A.1976). Further, we must determine whether an abuse of discretion "materially prejudices the substantial rights of the accused." UCMJ, Article 59(a), 10 U.S.C. § 859 (1982).

The sixth amendment of the United States Constitution guarantees all criminal defendants the right to assistance of counsel. The United States Supreme Court, in three landmark decisions, brought this right to counsel to maturity. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Reynolds v. Cochran*, 365 U.S.

525, 81 S.Ct. 723, 5 L.Ed.2d 754 (1961); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The military courts have also taken a strong stand on denials of continuances and opportunities for an accused's individual defense counsel to participate in a court-martial proceeding. The Court of Military Appeals in *United States v. Potter*, 33 C.M.R. 330 (C.M.A.1963), adopted the United States Supreme Court's holding in *Powell v. Alabama:*

> The right of an accused to counsel of his choice has been adequately established by Article 38(b), Uniform Code of Military Justice, 10 USC § 838. In addition, the Supreme Court in *Powell vs. Alabama*, 387 [287] US 45, 77 L Ed 158, 53 S Ct 55, 84 ALR 527 (1932), added that "the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice."

*Id.*

The Court in *United States v. Smith*, 40 C.M.R. 418 (A.C.M.R.1968), addressed the question of granting continuances to allow individual defense counsel or requested defense counsel to prepare for trial:

> Although the question of a continuance is one for the sound discretion of the court, whenever it appears that the court had abused its discretion and denied the accused a reasonable opportunity to prepare for trial or otherwise perfect his defense, the proceedings should be disapproved.

*Id.* at 427.

\* \* \* \* \* \*

Turning to the Federal judicial scene, the United States Supreme Court has condemned "myopic insistence upon expeditiousness in the face of a justifiable request for delay [which] can render the right to defend with counsel an empty formality." *Unger [Ungar] v. Sarafite*, supra, 376 U.S. [575] at 589, 84 S.Ct. [841] at 849, 11 L.Ed.2d 921. The Federal courts generally have "insisted that ample time be allowed counsel for preparation for the defendant's criminal trial. . . . a showing of actual prejudice is

not the basis on which these cases rest. The lack of opportunity for investigation, reflection, conference, and mature consideration which results from [too hasty] trials of felonies.... provides the basis for granting the writ [of habeas corpus].... Courts need not look for specific prejudice. The burden isn't on the petitioner to show that he would profit by a trial in which counsel had more time for preparation. Lack of due process is implicit...."

*Id.* at 428.

\* \* \* \* \* \*

The theory underlying the condemnation of the denial of "a reasonable opportunity to investigate and prepare a case," as might be expected is that it constitutes a denial of the effective assistance of counsel guaranteed by the Sixth Amendment. Such a denial is held to be inherently prejudicial so that a mere showing of it constitutes a *prima facie* case of denial of effective assistance of counsel....

*Id.* at 429. *See also United States v. Sutton*, 46 C.M.R. 826 (A.C.M.R.1972); *United States v. Conmy*, 44 C.M.R. 756 (N.C.M.R. 1971); and *United States v. Furgason*, 6 M.J. 844 (N.C.M.R.1977).

The military judge's decision to grant or deny a continuance will not be overturned except for clear abuse of his discretion. Furthermore, the appellant's right to counsel is not absolute and must be balanced against the need for the efficient and expeditious administration of justice. *See United States v. Thomas*, 22 M.J. 57, 58 (C.M.A. 1986) (normally counsel allowed a month to prepare when he represents other clients). Thus, "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610, 620 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)).

### C. Application

The real issue here is whether the appellant should bear the burden of being unable to find civilian counsel promptly and of not informing the government or the military judge of his ongoing pursuit of civilian counsel, prior to arraignment. In *United States v. Donohew*, 39 C.M.R. 149, 152 (C.M.A.1969), the court established the rule that the military judge shall inform accused of various rights to a lawyer to represent him at trial. In *United States v. Johnson*, 21 M.J. 211 (C.M.A.1986), the Court of Military Appeals declined to overrule *Donohew*. The court noted that "express warnings of a right are frequently utilized as a means of assuring that a waiver of those rights is knowing and voluntary." *Id.* at 214. At stake here is whether an accused will have thorough preparation of his case by the attorney he wants to represent him. Thus, before an accused is held to assume the risk of not retaining a civilian attorney in a timely manner, he should be warned from the bench that if he expresses the desire for civilian counsel, but has not obtained one, he will bear the risk of an untimely retainer of civilian counsel from that point forward.

This type of pertinent information would naturally come forth at an Article 39(a) session. The Manual for Courts-Martial procedures are bottomed on the standard we find appropriate. Regarding counsel's representation of the accused, the military judge is required at an Article 39(a) session to "[a]scertain from the accused by whom the accused chooses to be represented." Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 901(d)(4)(E) [hereinafter M.C.M.1984, R.C.M., respectively]. The Manual for Courts-Martial additionally provides in its procedural guide, after the military judge asks the accused "Whom do you want to represent you?": "[Note 14, if appropriate, the court-martial should be continued to permit the accused to obtain individual military or civilian counsel.]". M.C.M., 1984, app. 8 at A8–2.

Forcing an accused to proceed immediately with a civilian attorney that he found the day before trial would simply render *Donohew* and *Johnson*, and hence the important right to a civilian counsel of his choice, nugatory. We see a symmetry with *Donohew* and *Johnson*. Judicial advice

and inquiry is required despite a trial defense counsel's duty, described in Rule for Courts–Martial 502(d)(6) discussion (A), to be sure the accused knows of his options regarding counsel. Similarly, judicial inquiry is needed to ensure that an accused is preparing for trial with his chosen counsel in a timely manner. Otherwise, judicial advice on options for counsel is meaningless. Counsel may need more time than an accused realizes to prepare adequately before the accused must make any of the critical decisions he faces during the court-martial proceedings.[1]

How fundamentally important counsel is to a fair trial is readily seen by what occurred here. Without advice by a prepared counsel he trusted, the appellant made, at the insistence of the military judge, two crucial decisions in this case, the forum selection and to forego his right to plead guilty. That counsel very well could have sought a pretrial agreement to lower his client's exposure on sentence in the face of an almost certain finding of guilty. Further, his counsel may well have convinced him to select another forum, or even to plead guilty without a pretrial agreement. Hence, both the judge's proceeding to forum selection and acceptance of a plea without the appellant having the benefit of counsel he had chosen, and the failure to grant a reasonable continuance to the attorney he had chosen and trusted to prepare the case were arbitrary and unreasonable. Since there was no valid waiver of the right to a prepared civilian counsel, the appellant's right to counsel was violated. *See* R.C.M. 903(c)(2)(A) and 502(d)(6).

We find prejudice to the appellant's "right to counsel." The outcome of this trial may well have been different if the appellant could have proceeded with a prepared counsel he trusted. Looking at what was reasonably foreseeable, the accused came upon the worst outcome possible, a dishonorable discharge and confinement for 25 years. We cannot predict whether a negotiated plea of guilty would have been offered or accepted for a lesser sentence, or whether the accused may have simply pleaded guilty. We do find a reasonable probability that competent prepared counsel who had the trust of his client could probably have negotiated an acceptable pretrial agreement. *Cf. United States v. Scott*, 24 M.J. 186, 189 (C.M.A.1987) (trial defense counsel must have been ineffective and there must be a reasonable probability of a reasonable doubt respecting guilt, absent the errors). UCMJ, Article 59(a), 10 U.S.C. § 859(a) (1982). No effort was made to accommodate appellant in his choice of representation. Thus, the expense of returning witnesses to the trial site does not weigh heavily here. On the facts of this case, the appellant could not be forced to have representation by his detailed defense counsel. Consequently, the appellant is entitled to a new trial with proper representation by prepared counsel.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge KANE and Judge NEURAUTER concur.

---

1. The remedy obviously is to hold Article 39(a) sessions well before the projected trial date, and thus before the expense of bringing witnesses from near and far has been incurred, perhaps needlessly. A properly conducted, prompt Article 39(a) session regarding choice of counsel would provide a clear basis for waiver of the right to civilian counsel by a dilatory accused, bent on staving off a day of reckoning.