C. E. TUFTS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal Law—Section 2516, Revised Statutes, Construed—Section 2888, Revised Statutes, Construed—Plea of Autrefois Acquit—The Word Wilful Defined—Demurrer to Replication to Plea Reaches Back to the Plea.

1. It is not necessary in an indictment under Section 2516, Revised Statutes, for wilfully injuring, destroying or carrying away timber or wood from the land of another, to allege an *entry* upon such land by the trespasser, or that such entry was unlawful or felonious. The signification of the word *"wilful"* as used in this section of the statute is that the acts prohibited must be done with an evil intent and without justifiable excuse. This section of the statute so fully defines the crime thereby prohibited that an indictment following its language, without enlargement, is sufficient.

2. A demurrer to a replication to a plea in bar reaches the plea if defective.

3. Under the provisions of Section 2888, Revised Statutes, an acquittal by a jury upon a regular and orderly trial may be effectually pleaded in bar of another information or indictment for the same offence, notwithstanding any defect in the form or substance of the indictment upon which such acquittal was had.

4. When a plea of *autrefois acquit*, in the approved form, alleging all the essentials to such a defense is interposed, a replication contesting its truth can only deny the existence of the record pleaded, or the identity of the person or offences therein alleged. The *record* of such former acquittal can not be averred against or avoided by matters *dehors* such record.

Writ of error to the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*Thos. E. Wilson* and *Sparkman & Carter,* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

TAYLOR, C. J.:

The plaintiff in error, on the 28th day of March, 1899, in the Criminal Court of Record for Orange county, was charged with criminal trespass upon land by information as follows:

"The State of Florida.

In the name and by the authority of the State of Florida: In the Criminal Court of Record of Orange county, Florida, for Orange county, at the March term thereof, in the year of our Lord one thousand eight

hundred and ninety-nine, Orange county, to-wit: Be it remembered that R. G. Robinson, County Solicitor for the county of Orange, prosecuting for the State of Florida in the said county in said court, under oath on the 28th day of March, A. D. 1899, information makes that C. E. Tufts, late of the county of Orange aforesaid, in the county and State aforesaid, laborer, on the 2nd day of June in the year of our Lord one thousand eight hundred and ninety-eight, with force and arms at and in the county of Orange, State of Florida, aforesaid, in and upon the lands of the Eppinger and Russell Company, a corporation under the laws of the State of New York, and Jacob D. Nordlinger, to-wit: the south half of section twenty-one, and the southwest quarter of section twenty-two, and the west half of section twenty-seven, and section twenty-eight, and the northwest quarter of the northwest quarter of section thirty-three, all in township twenty, south, range twenty-nine, east, county and State aforesaid, then and there the joint property of the said Eppinger and Russell Company and of the said Jacob D. Nordlinger, did wilfully commit a trespass by cutting and carrying away therefrom cypress timber, then and there standing and growing, of the value of five thousand dollars, of the property of the said Eppinger and Russell Company and of the said Jacob D. Nordlinger, against the form of the statute in such case made and provided, to the evil example of all others in like case offending, and against the peace and dignity of the State of Florida; wherefore the said R. G. Robinson, County Solicitor as aforesaid, prosecuting for said State as aforesaid, prays the advice of the said court in the premises, and that the said C. E. Tufts may be arrested and held for trial under the foregoing information, and that a *capias* may issue forthwith for his ar-

rest." Upon this information the defendant was tried and convicted, and took writ of error.

The defendant moved in arrest of judgment upon the grounds, among others, that the information was bad for uncertainty, and because it did not charge a crime under the laws of the State of Florida. This motion was denied, and such ruling is assigned as error. It is contended here in support of this assignment that the information is bad because of its failure to allege an entry upon the land by the defendant, and that such entry was unlawful and felonious. This contention is untenable. Section 2516, Revised Statutes, upon which this information is predicated is as follows: "Whoever wilfully commits a trespass by cutting, scraping, injuring or destroying timber or wood standing or growing on the land of another, or by carrying away any kind of timber or wood, cut down or lying on such land, or by digging or carrying away any stone, ore, gravel, clay, sand, turf, or mould from such land, or by carrying away anything which is parcel of the realty, shall be punished as if he had stolen personal property of the same value." It will be observed that the act herein prohibited, is not an *entry* upon land, but the *injuring*, *destroying* or *carrying away* of timber or wood therefrom. And again, the section by its own express language fully defines the term *"trespass"* that it employs: "Whoever wilfully commits a trespass." How, or in what manner? "By scraping, injuring or destroying timber or wood standing or growing on the land of another, or by carrying away any kind of timber or wood, cut down or lying on such land," &c. The signification of the word *"wilful"* as used in this statute is that the acts prohibited must be done with an evil intent and without justifiable excuse, and it is unnecessary in an indictment charging the offence, to do

more than to allege, in the language of the statute, that the acts complained of were *wilfully* done. Section 2894, Revised Statutes, provides that it shall be unnecessary to allege in an indictment that the offence therein charged was a felony, or feloniously done. We are of the opinion that this section of the statute so fully defines the crime thereby prohibited that an indictment or information following its language, without enlargement, is sufficient; and that the court below committed no error in the denial of the motion in arrest of judgment on the ground of any of the supposed defects in the information.

The defendant pleaded *autrefois acquit*, as follows: "And the said C. E. Tufts, in his own proper person, comes into court here, and, having heard the information read, says that the said State of Florida ought not further to prosecute the same against him because he says that heretofore, at this adjourned January term of the court on the 6th day of March, A. D. 1899, it was by the oath of R. G. Robinson, County Solicitor for the county of Orange, State of Florida, prosecuting for said State presented that the said C. E. Tufts, late of the county of Orange aforesaid, in the county and State aforesaid, laborer, on the first day of April in the year of our Lord one thousand eight hundred and ninety-nine, with force and arms at and in the county of Orange, State of Florida aforesaid, in and upon the lands of the Eppinger and Russell Company, a corporation under the laws of the State of New York, and Jacob D. Nordlinger, to-wit: the south half of section twenty-one and the southwest quarter of section twenty-two, and the west half of section twenty-seven, and section twenty-eight, and the northwest quarter of the northwest quarter of section thirty-three, all of township twenty, south, of range twenty-nine, east, county and

State aforesaid, then and there the joint lands and prop-
erty of said Eppinger and Russell Company and of
the said Jacob D. Nordlinger, did wilfully com-
mit a trespass by cutting and carrying away therefrom
cypress timber then and there standing and growing,
of the value of more than twenty dollars, to-wit: of the
value of ten thousand dollars, of the property of the
said Eppinger and Russell Company and of the said
Jacob D. Nordlinger, against the form of the statute in
such case made and provided, to the evil example of all
others in like case offending and against the peace and
dignity of the State of Florida; wherefore the said R.
G. Robinson, County Solicitor as aforesaid, prosecuting
for said State, prayed the advice of the court in the
premises, and that the said C. E. Tufts might be arrest-
ed and held for trial under said information, and that a
*capias* issue forthwith for his arrest, which information
was duly signed by the said R. G. Robinson, County
Solicitor for the county of Orange and State of Florida,
prosecuting for said State, and also duly sworn to by
him as provided by statute, to which last mentioned
information the said C. E. Tufts pleaded "not guilty,"
and the said State of Florida joined issue on said plea,
and a jury thereupon duly empanelled and sworn to try
the issue upon their oath did say that the said C. E.
Tufts was "not guilty" of the felony in said last men-
tioned information laid to his charge; whereupon it was
considered by the said court that the said C. E. Tufts be
discharged, as by the record thereof more fully and at
large appears, which said judgment still remains in full
force; and the said C. E. Tufts avers that he, the said
C. E. Tufts, who was the defendant in the information
cited in this plea and acquitted as aforesaid, are one
and the same person, and not different and divers per-
sons, and that the offence in the said last mentioned in-

formation set out and the one charged in the informa-
tion to which this plea is pleaded are one and the same
offence, and not divers and different offences; and that
the information to which the said C. E. Tufts is now
called upon to plead is for one and the same offence
charged in the first mentioned information and of which
he was acquitted. All of which the said C. E. Tufts is
ready to verify. Wherefore he prays judgment and
that by the court here he may be dismissed and dis-
charged from the premises in the present information
specified and contained." To this plea the County So-
licitor for the State filed the following replication: "Now
comes the State of Florida by R. G. Robinson, County
Solicitor of said county, prosecuting for said county,
and to the plea of defendant files this special replication
to said plea, and says it is not true as alleged in said
plea that 'a jury duly empanelled and sworn to try the
issue upon their oaths did say that the said C. E. Tufts
was not guilty of a felony in said last information laid
to his charge,' but that the truth is, that when said jury
had been duly selected, sworn and empanelled, before
any testimony had been introduced, and before the in-
formation had been read, the attention of the court was
by the State's counsel called to the fact that the infor-
mation charged that the crime was committed on an
impossible date, to-wit: on April 1st, 1899, where-
upon the court upon ascertaining this to be true did
state he would discharge the jury, and so stated; where-
upon the defendant by his counsel said the defendant
was entitled to a verdict of acquittal, and the court said
it would be an act of supererrogation as he was dis-
charging the jury, but the court would instruct such a
verdict at defendant's request, and over objection of the
State, the State claiming a discharge of the jury suffi-
cient. Further replying the State says the information

to which defendant now pleads is not same information on which he was arraigned and jury empanelled." To this replication the defendant demurred. This demurrer was overruled, and such ruling is assigned as error.

Issue was then joined by the defendant on the State's replication.. On the same day with the joinder of issue on the replication the State's attorney asked leave of the court to file a demurrer to the defendant's plea of *autrefois acquit*, which was objected to by the defendant on the ground that it was too late to demur, and because no cause was shown why same had not been done before. The court overruled these objections, and permitted the State to file a demurrer to the defendant's plea; to which ruling the defendant excepted and assigns it as error.

The State then demurred to the defendant's plea of *autrefois acquit*. This demurrer was sustained, and such ruling is assigned as error. In the case of Reeves v. State, 29 Fla. 527, 10 South. Rep. 901, this court has held that a demurrer to a replication to a plea in abatement reaches the plea if defective. Since, therefore, we can consider the defendant's plea in the discussion of the ruling upon his demurrer to the State's replication to such plea, it become unnecessary, in view of the conclusions reached, to consider the several rulings of the trial court, permitting the State to demur to the defendant's plea after it had replied to such plea and after joinder of issue on such replication, and in sustaining the demurer of the State to such plea. The court below erred in overruling the defendant's demurrer to the State's replication to his plea of *autrefois acquit*, but such demurrer should have been sustained. The defendant's plea of *autrefois acquit* is in the approved form, and alleges all the essentials to such a defense. It sets out the substantial parts of the record of the proceedings

upon the former trial, showing a regular trial, verdict of not guilty and judgment thereon. It is true that the former information thus set out shows upon its face a fatal defect, namely, the allegation of an impossible date upon which the offence was committed (Dickson v. State, 20 Fla. 800), but the record as pleaded does not show that any objections were taken thereto—the parties proceeding to judgment by a regular and orderly trial before a jury. Whatever may have been the effect of an acquittal upon a defective information or indictment at common law, as a bar to another charge for the same offence, there can be no doubt that under Section 2888, Revised Statutes, which reads: "No person shall be held to answer on a second indictment, information or complaint, for a crime of which he has been acquitted, but such acquittal may be pleaded by him in bar of any subsequent prosecution for the same crime, notwithstanding any defect in the form or substance of the indictment, information or complaint," such an acquittal may in this State be pleaded in bar of another information or indictment for the same offence. The plea was, therefore, sufficient and not demurrable, and if the State desired to contest its truth, it should have replied, denying the existence of the record pleaded, or the identity of the person or offences as alleged. But the replication filed by the State, did not deny any of those things. On the contrary, it undertook to avoid the allegations of the plea by setting up matters—not alleged to be a part of the record of the former acquittal pleaded —but *dehors* such record, which can not be averred against. Whether, if the record of the former acquittal shows that such acquittal was had under the circumstances disclosed in the replication, such acquittal would under the section of our Revised Statutes quoted be a bar to another information or indictment for the same

offence, in view of Section 2889, Revised Statutes, we are not now called upon to decide. What we do decide is that the record set forth in the plea in this case does show a regular trial and acquittal—not upon the ground of a defective information or indictment, but in regular course before a trial jury—and to such a case the section quoted first above does apply. Of course, the denial in the replication that the informations were the same tendered a wholly immaterial issue.

The conclusions reached renders it unnecessary to consider the other errors assigned. The judgment of the court below is reversed, with directions to sustain the defendant's demurrer to the replication of the State to the defendant's plea of *autrefois acquit*, and to strike from the files the State's demurrer to said plea, and for such further proceedings in the cause as may be conformable to law and this opinion.