FRANK HYDE and C. K. SLAYTON v. STATE.

190 So. 497
Division A
Opinion Filed July 14, 1939

*James Whitehurst* and *Bart A. Riley*, for Plaintiffs in Error;

*George Couper Gibbs*, Attorney General, and *Thomas J. Ellis*, Assistant Attorney General, for Defendant in Error.

Buford, J.—The writ of error brings for review judgment of conviction under an information in two counts. The first count charged:

"That Frank Hyde and C. K. Slayton of the County of Dade and State of Florida, in the month of October, in the year of our Lord, one thousand nine hundred and thirty-six, in the County and State aforesaid, did then and there unlawfully and feloniously, by themselves, their servants, clerks and agents, have, keep, exercise and maintain a certain place, gambling room, booth, tent, building and house on certain premises commonly known as Club Bagdad located and situated in Hialeah, Dade County, Florida, a better and more particular description and location thereof being to the County Solicitor unknown, which said place, gambling room, booth, tent, building and house was then and there kept, exercised, maintained by them, the said Frank Hyde and C. K. Slayton, for the purpose of gaming

and gambling for money and other thing of value on the result of races and contests of speed of certain animals, to-wit: horses, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The second count of the information was as follows: "And Robert R. Taylor, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, further information makes that Frank Hyde and C. K. Slayton of the County of Dade and State of Florida, in the month of October, A. D. 1936, in the county and State aforesaid, did then and there have, keep, exercise and maintain a gaming table, room and gaming implements and apparatus, and house, booth, tent, shelter and other place for the purpose of gaming and gambling, in which they, the said defendants, directly or indirectly, had charge, control or management, either exclusively, or with other persons, and did suffer and permit persons to play for money or other thing of value, in Hialeah, Dade County, Florida, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida."

Slayton was convicted under both counts while Hyde was convicted under the first count only.

Plaintiff in error states three questions for our consideration, as follows:

I. "Where one of two defendants jointly informed against has previously been convicted of the crime charged in the information, and the charges against his co-defendant simultaneously nol-prossed, can the evidence used in obtaining the first conviction thereafter be used against the same defendants upon a second trial?"

II. "Where the evidence discloses that two defendants jointly informed against and tried, have previously been

informed against upon similar factual evidence, and one of said defendants entered a plea of guilty and was adjudged guilty and sentenced to pay a fine, and made the payment thereof, and the charges against the second defendant were nol-prossed, are defendants entitled to have the jury specially charged upon the effect of such prior conviction?"

III. "Was the evidence sufficient to support the conviction."

The first question applies to Slayton only. The record does not clearly show that the defendant Slayton was convicted or pleaded guilty to an information charging the same offense which is charged in this information. This question could have been raised by a plea in abatement settng up sufficient facts to present the point contested for in the court below as to this Court. This was not done.

But the information in the case filed January 27, 1936, to which it is shown that the defendant Slayton pleaded guilty to the offense of gambling, charged as follows:

"That Frank Hyde and Red Slayton of the County of Dade and State of Florida, on the 17th day of January, in the year of our Lord one thousand nine hundred and thirty-six, in the County and State aforesaid, did then and there unlawfully keep, maintain and operate a certain gaming place, said place being located at southeast corner of Southeast 14th Street and 9th Court, City of Hialeah, Dade County, Florida, and did then and there suffer and permit many persons, whose names are to the County Solicitor unknown, to play therein games of chance, and said persons did then and there play therein certain games of chance, to-wit, craps, roulette, chuckaluck, black jack, for money and other thing of value, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

There is no showing in the record that the place described

in that information, to-wit: Southeast corner of Southeast 14th Street and 9th Court, City of Hialeah, is the same location on which the present information charges the offense to have been committed. It appears, however, that the trial judge recognized the informations as describing the same location and the same offense if the proof referred to identical dates. This we must gather from the following occurrences. The record shows:

Motion by counsel for defendants in the court below:

"Mr. Riley: Now, I move to strike the testimony of Tom Williams as to the entire information and then as to the first count separately and as to the second count separately, as to the defendant Slayton, upon the ground that Tom Williams testified concerning Slayton, not only in regard to the place's bookmaking establishment but to the downstairs where they played these different types of dice games and roulette games, on the ground that the State of Florida· on the 27th day of June, 1936, filed an information against Frank Hyde and Red Slayton wherein they were charged with, on the 17th day of January, 1936, in this County and State aforesaid, did then and there unlawfully keep, maintain and operate a certain gambling place, said place being located at the southeast corner of Southeast Fourteenth Street and Ninth Court, City of Hialeah, Dade County, Florida, and did then and there suffer and permit many persons whose names are to the County Solicitor unknown to play therein games of chance, and said persons did then and there play certain games of chance, to-wit: craps, roulette, chuckaluck, blackjack, for money or other thing of value, contrary to the form of the statute in such cases made and provided; and that that information was sworn to on the 20th day of January, ·1936, and, as I have said, filed on the 27th day of January, ·1936. That on the 26th day of February, 1936, Hyde and Slayton were brought

into the Criminal Court of Record and the case was nol-prossed against Frank Hyde, and Red Slayton plead guilty to gambling and that plea was accepted by the court; and on the 26th day of February, 1936, the jacket shows the sentence imposed was fifty dollars or three months in the county jail; and that the records of the court show that that fine was paid. And the jacket also shows that on the 26th of February, 1936, a nolle pross was entered in regard to Frank Hyde by Mr. Mincer who was at that time one of the Assistant County Solicitors, and the testimony of this witness Tom Williams in regard to operating a gaming house where the roulette was played is not particularly set forth, and the dates, and that when Red Slayton is now being tried on an information filed on the 7th of October, 1937, for an offense beginning on the 12th or 15th of December, 1935—.

"Mr Taylor: That count says the 3rd of January.

"Mr. Riley: —to which he plead guilty in this court in February, 1936, and was fined, I say that the testimony is not relative or material in the trial of this case; it is highly prejudicial; it is trying the man twice on the same offense based on the same facts and based on the same testmony."

There were other motions made to strike certain testimony and when the same had been presented the following occurred:

"The Court: All right. The court will deny those motions. Each and every one of those motions will be denied, but the court, of its own motion, gentlemen, gives you gentlemen the following instructions: Any testimony relative to actual gambling that took place in the Club Bagdad prior to January 27, 1936, will not be considered by you. That instruction, gentleman, is with reference to count two of this information, which is the allegation as to

craps, roulette, and so forth, and not as to count one which is the count alleging book-making."

This instruction by the court which was in substance again given when charging the jury finally gave to the defendant Slayton full immunity from being twice convicted of the same offense under the second count of the information. Whether or not the court was justified in so instructing the jury, we are not called upon to determine. The fact is that the court did so instruct the jury and the defendant was justified in relying upon that instruction and in conducting his defense from thence forward on the assumption that the jury would heed and abide by the instruction of the court in this regard. Therefore, the defendant, having had a ruling from the court in this regard in its favor, it was not necessary for him to make any further showing in regard to the identity of the offenses charged or to further contend that he could not lawfully be convicted under the present information upon evidence relating to dates prior to January 27, 1936.

We have searched the record diligently and find in it no evidence supporting the second count of the information upon acts shown to have been committed subsequent to January 27, 1936.

The conviction of Slayton under the second count was, therefore, contrary to the charge of the court and such judgment of conviction should be, and is, reversed.

There is a paucity of testimony in the record connecting Slayton with the operation of the gambling room operated "for the purpose of gaming and gambling for money and other thing of value on the result of races and contests of speed of certain animals, to-wit: horses," but the testimony of the witness Zinsmeister is sufficient to show that Slayton was connected with the operation of that enterprise and

that he received a division of the profits incident to such operation.

There is also sufficient evidence to show that the place referred to in the first count of the information was conducted as a gambling room as described in the information, under the control and direction of the defendants as late as the 1st of September, 1936.

Therefore, the third question must be answered in the affirmative as to the first count of the information.

So the judgments of conviction entered against C. K. Slayton and Frank Hyde under the first count of the information are affirmed. The judgment entered against C. K. Slayton under the second count of the information, for the reasons hereinabove stated, is reversed.

So ordered.

TERRELL, C. J., and WHITFIELD and BROWN, J. J., concur.

Justices CHAPMAN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.