ALLEN, Acting Chief Judge.
Leo J. Fiske alleged in his petition for permission to apply to the Criminal Court of Record in and for Broward County, Florida, the trial court, for a writ of error coram nobis, that he was convicted in Bro-ward County, Florida, on April 20, 1957, upon two counts; that an appeal from the verdict, judgment and sentence from the court had been taken and is now pending before this court.
The petition further stated that he was convicted on the 1st and 4th counts of the information, and then contained the following :
“The testimony offered by the State to prove the allegations contained in Count IV of the Information in the criminal case was that of Frank M. Kosek, who testified that at the request of the defendant he paid $741.50 to Watson Plumbing Company, and it was the contention of the State that the said payment was converted by the defendant ‘to his own use or to the use of someone other than the said Frank M. Kosek, the true owner of said property.’ Whether or not there actually was a conversion was, of course, strictly conjecture. However, any conjecture in this vein has been eliminated by the testimony, pleadings, and final decree in the said civil action, wherein it affirmatively appears that the said Frank M. Kosek was not deprived of the use and benefit of the said $741.50, but was in fact credited with the same on his account, thereby reducing his obligation to any and all parties who might have had a claim against him. The foregoing established fact was not and could not have been known at the time of your Petitioner’s criminal trial, inasmuch as same did not come to light until May 2, 1958, when the final decree was issued. Had this fact been available to the defendant for presentation at the criminal prosecution the trial court could not have adjudged the defendant guilty of the crime alleged in Count IV of the Information.”
This petition was filed in this court October 1, 1958 and was orally argued on the 7th of October, 1958.
On the 15th of October, 1958, the appeal of Leo J. Fiske from his conviction was argued before this court. A study of the testimony adduced by the defendant reveals that Robert N. Watson was called as a witness for the defendant in said trial and testified that his company, the Watson Plumbing Company, was a plumbing subcontractor on the property of Frank M. Kosek, who was the prosecuting witness in the case, and that the said Kosek paid to him the sum of $741.50 in the presence of the defendant, Fiske. He further testified that he was going to file a lien on the Kosek job and that Fiske said: “Well come on, *747 we’ll go find Kosek and get you a check,” and then they went to look for Mr. Kosek. The hill presented was for $741.50 and the check was paid to him by Kosek.
The witness, Watson, further testified as follows:
“Q. Now was that check in the amount of your original contract? A. No sir, it was not; I might say that would be the final payment on the job, I have a list of extras on the same invoice that shows why there was a difference between our agreement and the final payment.”
The record also discloses that both Ko-sek, the prosecuting witness, and the defendant testified that Kosek had paid to Watson the $741.50 item.
The petition for writ of error co-ram nobis must be used to bring the attention of the court to matters then existing but not shown by the record and not known by the court or by the parties or counsel during the trial and being of such importance that, if known to the presiding judge in time, would have prevented the rendition of a judgment of conviction. Lamb v. State, 1926, 91 Fla. 396, 107 So. 535; House v. State, 1937, 130 Fla. 400, 177 So. 705; Russ v. State, Fla. 1957, 95 So.2d 594.
The use of this writ presupposed diligence on the part of the petitioner in having attempted to present the matter to the court unless he was prevented by duress, fear or other sufficient cause. The writ does not supersede the remedy of motion for new trial or the correction of errors, and the fact .that a witness swore falsely or that newly discovered evidence is available will not provoke it. It is a discretionary writ and will not be employed if any other remedy exists. Ex parte Welles, Fla.1951, S3 So.2d 708.
The primary purpose of the common-law writ of error coram nobis was to afford the trial court an opportunity to correct its own record with reference to vital facts not known to the court when the judgment was entered. The court, in the exercise of its discretion as to whether the writ should be granted, should look to the reasonableness of the allegations of the petition and to the probability of truth thereof. McCall v. State, 1939, 136 Fla. 349, 186 So. 803. See also Carson’s Florida Common Law Pleading, Practice and Procedure, pages 321, 322, 323, and 324 for an excellent discussion of the subject of writ of error coram nobis.
The petition is denied.
SHANNON, J., and REGISTER, DON, Associate Judge, concur.