PER CURIAM.
This is another appeal as a result of a denial of the petition filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The trial judge in this cause conducted an extensive hearing, receiving testimony on behalf of the appellant and the State and, following such hearing, rendered the following order which is here under review:
[CAPTION OMITTED]
“This cause having come on to be heard upon the defendant’s motion to vacate the conviction, judgment and sentence, and the Court, after having reviewed the records in the above-styled cause, at a hearing had on the said motion, at which hearing testimony was offered on behalf of the defendant and on behalf of the State, the Court finds as follows :
“1. That the allegations of the defendant that the State Attorney had made certain promises to the defendant upon which the defendant relied as an inducement to enter his guilty plea was withdrawn.
“2. The Court having heard the testimony on all matters presented by the petitioner, the Court finds that the movant has not established any deprivation of any constitutional rights or grounds to vacate the conviction, judgment and sentence.
“3. That the movant testified in his own behalf that neither the arrest, the detainment in jail, the time involved between filing the warrant and the preliminary hearing influenced him to enter his plea of guilty, but rather, he pled guilty after receiving information secured by the defendant’s own lawyer. There was no testimony that the defendant confessed during the period of his incarceration from the time of arrest until he entered his plea.
“4. That the defendant was represented by competent counsel, experienced in the area of criminal law, both as a prosecutor as well as a defender of persons accused of crime.
*776 “5. The defendant further testified that the lawyer volunteered to take an appeal but did not. The Court, however, finds this incredible, as' the defendant also testified that the same lawyer, the same day allegedly tricked the defendant into pleading guilty. The lawyer representing the defendant at the time of the guilty plea denied offering to take an appeal.
“THEREFORE, IT IS CONSIDERED, ORDERED AND ADJUDGED:
“1. That no testimony was offered by the defendant, nor do the records reveal any evidence which would warrant the vacating, setting aside of the conviction, judgment and sentence.
“2. That the defendant’s motion- to vacate the conviction, judgment and sentence be and the same is hereby denied.
“3. That the defendant is remanded to the custody of the Sheriff of Dade County, Florida and is subject to the original judgment and sentence as heretofore entered in the cause.
“4. That the Sheriff of Dade County, Florida is hereby directed to transfer and deliver the defendant to the State Prison at Raiford, Florida.
“ORDERED at Miami, Dade County, Florida, this 26 day of June, 1964.”
By this appeal, the appellant assigns error because he did not have counsel at the time of arraignment; that the change of his plea from not guilty to guilty was involuntarily done, and that he was denied the right of appeal. At the time of the original arraignment, the appellant pleaded not guilty. Five days later he acquired independent counsel and the matter came on for trial approximately two months thereafter, at which time he withdrew his plea of not guilty and entered a plea of guilty and received a life sentence. The appellant and another had originally been indicted for first degree murder and, of course, if the trial had proceeded upon the not guilty plea ' and they were found guilty they could have been subject to the ultimate penalty.
An examination of the record which has been brought before us indicates that the appellant was, at all times, accorded due process of law and that he was given a full, adequate and complete hearing on his petition under Criminal Procedure Rule No. 1.
Therefore, the action of the trial court is hereby affirmed upon the following authorities: Mixon v. State, Fla.1951, 54 So.2d 190; Morgan v. State, Fla.App.1962, 142 So.2d 308; Perez v. State, Fla.App. 1963, 151 So.2d 865; Ingrim v. State, Fla.App.1964, 166 So.2d 805; Sardinia v. State, Fla.1964, 168 So.2d 674, 675.
Affirmed.