HOBSON, Judge.
This is an appeal by the appellant-defendant from a judgment of guilty for the crime of possession of a narcotic drug, to-wit: marijuana.
The sole question involved in this appeal is whether it was within the court’s province to determine if the arrest of the defendant was legal, thereby making the subsequent search and seizure valid when there was a conflict in the testimony as to whether the arrest resulted from "fresh pursuit.”
There is no dispute as to the fact that the defendant violated a municipal ordinance in the presence of the arresting officer. However, a conflict of testimony arises between the arresting officer’s version of the facts occurring subsequent to the violation of the municipal ordinance and the version of other witnesses. The arresting officer testified that the defendant, after running a stop sign in the City of Tampa, Florida, was continually in his visual presence during the time that he chased the defendant and the defendant entered the White Way Bar where he was subsequently arrested. The conflict arises through the testimony of the defendant’s ex-father-in-law, Mr. Acosta, who testified that the arresting officer was in the vicinity of his front yard when the defendant violated the municipal ordinance and that the arresting officer and another officer pursued the defendant and in “about 10 *352 minutes, they came back and they said they had lost him.” The father of the defendant testified that he was in the White Way Bar when his son entered and that it was IS to 20 minutes after his son entered the White Way Bar that the arresting officers and other law enforcement personnel entered the White Way Bar.
Immediately after the arrest the defendant was searched and a vial containing a substance later identified as marijuana was found on the defendant’s person.
The defendant filed a motion to suppress the vial and its contents as evidence against him on the grounds that it resulted from an illegal search and seizure due to the fact that there was an invalid arrest because the arresting officer had lost “fresh pursuit.” Further, in order for evidence to be admissible that is obtained by a search and seizure following an arrest for the violation of a municipal ordinance in the presence of the arresting officer, such arrest must be made on “fresh pursuit.” The trial court denied the defendant’s motion to suppress as well as overruling the defendant’s objection to the introduction of the vial and marijuana contained therein into evidence at the trial.
Our Supreme Court in the case of Johnson v. State, 1946, 157 Fla. 685, 27 So.2d 276, on page 282, held as follows:
“Aside from the challenge of the sufficiency of these documents there was two allegations of fact going to the legality of the search and seizure. The first of these allegations was that the dwelling house authorized to be searched by the warrant was broken and entered by the sheriff without his first having given notice that he was armed with a search warrant and intended to search the house for gambling paraphernalia. The other was that he made the search and seizure without serving the warrant on Marion F. Johnson. The court heard testimony pro and con as to these allegations. The testimony was conflicting but the court determined that the allegations were not sustained by proof. The court had the benefit of seeing the witnesses face to face and was in a better position than are we to judge who was and who was not telling the truth and it was the court’s province to determine this and the court, exercising its powers and judicial discretion in this regard evidently reached the conclusion that the sheriff and those witnesses who supported his version of the transaction were telling the truth and that there was no breaking and entering of the house but the entry was peaceable and without breaking and also that the search warrant was read to Marion F. Johnson and a copy of it delivered to him inside the house before any search or seizure was made.
“We find nothing that will justify us in reversing his order denying the motion to suppress the evidence.”
In the case of Mixon v. State, Fla.1951, 54 So.2d 190, the defendants were convicted of a violation of the lottery statute, § 849.-09, Fla.Stats.1941, F.S.A., and on appeal contended that the trial court erred in denying their motion to suppress evidence obtained by the State and admitted at the trial over the appellants’ objections. The arresting officers admittedly possessed no search warrant and the defendants contended that the protection against unreasonable search and seizure in connection with one’s “dwelling house” should be afforded them because they were arrested without a search warrant while in a house leased by the defendant Mixon. The Court, while discussing the protection against unlawful search and seizure in connection with one’s “dwelling house” stated on page 192 as follows:
“ * * * Though the sphere of protection has been extended to embrace business establishments, we find no case affording protection for those who are at most visitors in an empty and untenanted house. After several of the appellants at the time of their *353 arrest admitted that none of them lived in or had any interest in the house, a witness for appellants testified at the hearing upon the motion to suppress the evidence that he had rented the house to appellant, Mixon, and had received payment for two months rent. The trial judge in overruling the motion and overruling appellants’ objections at the trial necessarily found upon conflicting evidence that no such lease existed. His ruling on the admissibility of the evidence necessitated passing on the factual question of the existence of a lease, which function was entirely within his province. This Court will not reverse a finding of fact by the lower court unless error is patent on the record.”
It was further held by this court in an opinion written by the late learned and distinguished Judge White in the case of Urso v. State, Fla.App. 1961, 134 So.2d 810, as follows on page 812:
“The question of whether an arrest is valid so as to support an incidental search is a mixed question of law and fact to be determined advisedly by the court. It is analogous to the question of ‘probable cause’ in relation to search warrants.”
We therefore hold, based upon the foregoing authorities that it was entirely within the trial court’s province in this particular instance to resolve the disputed question as to whether a legal arrest had been made.
We find nothing that will justify us in reversing the trial court’s order denying the motion to suppress the evidence and overruling the defendant’s objection to the introduction of said evidence.
No reversible error having been made to appear, the judgment and sentence appealed should be affirmed. It is so ordered.
SHANNON, Acting C. J., and LILES, J., concur.