BARKDULL, Judge.
The appellant seeks review of a judgment and sentence entered against him by the trial court pursuant to a non-jury trial on the charge of possession of marijuana.
At approximately 1:05 A.M., on February 23, 1965, two officers of the Miami Police Department saw the appellant and two other men standing off the street in the rear of a rooming house. They were standing there smoking and talking. As the officers approached the appellant, something fell to the ground and a revolver was found, but the officer was unable to determine who dropped the gun. After questioning the appellant and the other men, the officers placed them under arrest for vagrancy, in violation of § 43-10(5) of the Ordinance of the City of Miami, and searched them. Another officer, one David Fincher, arrived on the scene and, after finding some marijuana cigarettes where the men had been arrested, ordered they be searched for marijuana. Five marijuana cigarettes were found on the appellant and he was charged by information with the crime of possession of marijuana. The appellant pleaded not guilty to the charge and waived a jury trial. He moved to suppress the evidence on the ground it was the result of an unlawful search and seizure. After hearing on the motion, the trial court entered its order denying appellant’s motion to suppress. The appellant was tried by the trial court sitting as trier of the fact, and found guilty of the charge of possession of marijuana. This appeal is taken from the judgment and sentence to three years in the State penitentiary. Following appropriate motions to suppress and objection at the time of trial, the appellant has preserved for review on this appeal the question of whether or not the second search was pursuant to a lawful arrest to determine whether or not the fruits of such search were entitled to be admitted into evidence.
The principal thrust of the appellant’s argument as to the validity of the arrest in the first instance is that the ordinance in question has been declared unconstitutional. See: Headley v. State ex rel. Selkowitz, Fla.App.1964, 163 So.2d 13; Headley v. Selkowitz, Fla.1965, 171 So.2d 368. We do not agree that the police officers were without the authority to arrest for vagrancy for one or any of the following reasons: (1) The effect of the circuit court order holding the ordinance unconstitutional was stayed by the City taking the appeal [see: City of Miami v. Lewis, Fla.App.1958, 104 So.2d 70; City of North Miami v. Engel, Fla.App.1959, 111 So.2d 90]; or (2) The provisions of § 856.02 Fla.Stat., F.S.A., or (3) The common law relative to vagrancy.
The question of whether an arrest is valid so as to support an incidental search, is a mixed question of law and fact to be determined advisedly by the trial court. See: Urso v. State, Fla.App.1961, 134 So.2d 810; Diaz v. State, Fla.App.1965, 181 So.2d 351. Thus, as the trial court in the instant case determined the arrest was valid and that determination is supported by the record, this court’s holding in Nixon v. State, Fla.App.1965, 178 So.2d 620, controls and the fruits of the search subsequent to the arrest herein would be admissible. See also: Casso v. State, Fla.App.1966, 182 So.2d 252; Dolan v. State, Fla.App.1966, 185 So.2d 185.
Therefore, for the reasons above stated, the judgment, conviction and sentence here under review is hereby affirmed.
Affirmed.