193 So.2d 62 (1966)
STATE of Florida, Appellant,
v.
Ellis DIXON, Appellee.
No. 7173.
District Court of Appeal of Florida. Second District.
December 16, 1966.
Rehearing Denied January 10, 1967.
*63 Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellant.
Robert E. Jagger, Public Defender, Carlton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellee.
PIERCE, Judge.
This is an appeal by the State of Florida from an Order entered by the Pinellas County Circuit Court granting a motion to quash an information filed against Ellis Dixon in that Court.
On March 7, 1966, Dixon was informed against for unlawfully and feloniously having in his custody, possession and control a pistol notwithstanding he had been previously, on June 27, 1956, convicted in that same Circuit Court of the felony of forgery. Possession or ownership of such weapon by a previously-convicted felon is itself a felony, punishable up to ten years in the State Prison under F.S. Sec. 790.23 F.S.A.
The Public Defender filed motion to quash the information, alleging affirmatively that, at the time of the prior conviction in 1956, Dixon was indigent and unable to employ private counsel, that he was not represented by any counsel, that he was not advised that he was entitled to Court-appointed counsel, that he did not "knowingly or intelligently" waive his right to counsel, that the charge to which the motion to quash was addressed contemplates a previous "valid" conviction of a felony; and that because of the foregoing his prior conviction was devoid of legal standing in that he had been deprived of his "organic right to counsel". On May 17, 1966, the motion to quash was denied without prejudice to "the right of the Defendant to file another Motion to Quash". On May 23, 1966, the Court permitted a verbal motion to be made "to reinstate the Motion to Quash the Information" and upon further argument the motion was granted and Dixon was discharged from custody. This is the order now before this Court upon appeal.
There were two hearings held before the trial Judge on the motions to quash, the first on May 13, 1966, and the second on May 23, 1966. Both hearings consisted only of arguments of respective counsel and colloquies between the Court and counsel. No sworn testimony was taken, nor was the first written motion nor the second oral or "reinstated" motion sworn to. The proceedings at both hearings were transcribed and are a part of the record before us here.
At the May 13th hearing, after considerable discussion and argument back and forth, the Court, deeming the procedural question a formidable one, decided to deny the motion at that time with leave to renew the motion later. In the meantime, the Court indicated to defense counsel he would "let you study out whether or not you want to file a petition for a Writ of Coram *64 Nobis", or whether to approach the matter "under any special writ or under Criminal Procedure (sic) One".
At the second hearing on May 23rd, defense counsel, apparently feeling that the procedural avenues of the coram nobis writ and also rule 1, F.S.A. ch. 924 Appendix were beset with too many detours, asked and were permitted to "reinstate" the original unsworn motion to quash. More extended discussions and colloquies ensued, centering largely upon the procedural dilemmas involved. At the conclusion, the Court made the following comments in connection with his ruling:
"I want both sides to have everything that has transpired in this case preserved as a part of the official record on this hearing, and this determination. I cannot persuade you by clear, connective chronological logic, because I don't have the necessary stepping stones to get from one side of the problem to the other and have each one fall in place right after it. So we have to take a shot at what we think the  the  would be the Supreme Court's view in the event they were considering the matter. I would like to do this first. Let the record show that the former motion to quash is, at the request of counsel for the defendant, hereby reinstated, as a motion to quash in haec verba, as though it had been filed subsequent to the order of this Court of May 17, 1966, so that we are considering the verbage (sic) of that motion to quash as a new motion to quash, and I feel this way:
That we are in the same situation as though we were at trial, and the State had made a prima facie case, the defendant comes on to defend on the invalidity of the former conviction on the basis of failure to comply with the elements announced as necessary in Gideon versus Wainwright [372 U.S. 539, 83 S.Ct. 889, 9 L.Ed.2d 929]; and I feel that the defendant must prevail. I think, if for no other reason, that the reason is sufficient that to do otherwise would achieve an illogical result. I am glad in one sense that we are considering a motion in File No. 16,077, the current file, rather than considering the matter of the  of whether or not the former conviction was void ab initio, by some procedure in the former case, for this reason: That this decision in granting the motion to quash has to do with the effect of the former conviction, as an element of the offense in this particular information; and this particular granting of the motion to quash does not in every sense and for every other purpose void the former conviction and sentence. It would be voided only as it relates to being a predicate for this particular information, and that element of this particular offense; failing, then of course, the information must fall, and the information therefore quashed, and the defendant discharged.
I think that is the trend that's indicated by the Supreme Court. I think that it comports with logic, and I have already recognized that this result does not necessarily flow from any finding that a person's situation after serving a sentence is directly analogous to his position when not under sentence but prior to serving sentence. And it is not necessary to find that direct analogy in order to reach this result. It is  this decision is based on the obvious trend, on the failure of one of the elements of this particular information, and upon the predicate that the other result would be not as logical as this result. So I  the conclusion seems to me to be inescapable, but all of the necessary elements escape me. In other words, I can't build you a house stone by stone. All I can do is draw you a picture of the house as I see it after it is built. This  it would appear to me  would be a final and determinative conclusion of this particular case at this point, and therefore I feel that it is an appealable order. I don't like to be in a position of encouraging *65 appeal, but I can't resist you gentlemen as professionals, and all of us being together in the search for knowledge, I can't hide my hope that this question will some day be decided by an Appellate Court, which I feel is in a much better position to correlate with the law on this subject.
So the motion is to be granted and the defendant should be discharged."
We have quoted the remarks of the able and conscientious trial Judge in full because it effectually points up what the Judge was trying to do, namely, to make a final determination of the ultimate question before the Court expeditiously, albeit upon a questionable procedural premise. But while the avenues of coram nobis and rule 1 may have been beset with detours, the route followed by the Judge, in our opinion, was a "one-way road"  but going in the opposite direction.
The ultimate question on the merits, as indicated by the record, was whether the accused could be convicted upon an information charging an act which necessarily depended upon a previous conviction of a felony, where the previous conviction was obtained without allegedly according the accused his full benefit of counsel. It is our view that this question may only be determined upon sworn testimony and full trial upon all issues of fact and of law presented by the information and plea of not guilty thereto.
Dixon's counsel take the position here that, even though no independent petitions were filed in the lower Court, this Court may still consider the motion to quash as being either a motion under rule 1 or a motion for a writ of error coram nobis, a rather obtuse position, especially when the motion was filed as a part of the pleadings in a subsequent and entirely different criminal case. But even so, it would be unavailing.
Rule 1 would not be applicable because its very language provides relief only to "[a] prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released * * *". This necessarily presupposes the fact that the petitioner has not completed serving, either in whole or in part, the sentence sought to be impeached. The words "custody" and "released" have a direct causal connection. Other insurmountable barriers to relief of Dixon under Rule 1 are found in the extensive case law on the subject, such as Johnson v. State, Fla. 1966, 184 So.2d 161; McCormick v. State, Fla. App. 1964, 164 So.2d 557; and Palmer v. State, Fla.App. 1966, 182 So.2d 625.
And the writ of error coram nobis would be equally unavailing. Grant v. State, Fla. App. 1964, 166 So.2d 503; Russ v. State, Fla. 1957, 95 So.2d 594; Fiske v. State, Fla.App. 1958, 107 So.2d 745; LaRocca v. State, Fla.App. 1963, 151 So.2d 64, and Ard v. State, Fla. 1959, 108 So.2d 42.
This brings us to the device finally employed by the trial Court to adjudicate the matter, by motion to quash made before trial. The form of the motion for one thing was deficient in that it relied upon extraneous facts dehors the record, without being sworn to or otherwise legally fortified. Nor were the matters in pais ever answered by the State, either by admission or by traverse, which would have been essential in an orderly proceeding. State ex rel. Hancock v. Love, Circuit Judge, 1940, 143 Fla. 883, 197 So. 534; Johns v. State, 1940, 144 Fla. 256, 197 So. 791; Johnson v. State, 1946, 157 Fla. 685, 27 So.2d 276.
F.S. Sec. 909.02 F.S.A., provides that "[p]leas to an indictment or information, other than pleas of nolo contendere, guilty, or not guilty, are abolished." In this category would be pleas in abatement (or dilatory pleas), and special pleas in bar.
The motion to quash here would certainly not come within the category of a former plea in abatement, the office of *66 which was "to overthrow the action for the present, but does not preclude a new action properly taken." Lake v. State, 1930, 100 Fla. 367, 129 So. 834; Whitman v. State, 1929, 97 Fla. 988, 122 So. 567; Hyde v. State, 1939, 139 Fla. 280, 190 So. 497.
It more closely conforms to the former special plea in bar. Instances of such plea are former acquittal, former conviction, former jeopardy, immunity, pardon, etc. Whitefield v. State, 1939, 137 Fla. 552, 188 So. 361; Potter v. State, 1926, 91 Fla. 938, 109 So. 91; O'Brien v. State, 1908, 55 Fla. 146, 47 So. 11; Tufts v. State, 1899, 41 Fla. 663, 27 So. 218; Wilson v. State, 1938, 134 Fla. 390, 184 So. 31; Marshall v. State, Fla. 1956, 89 So.2d 1; 22 C.J.S. Criminal Law § 438, p. 1241, et seq. But such special pleas in bar have certain defined requisites, chief among which is that the plea is not permissible if it seeks to present matters in pais which would be at issue at the trial upon the merits. Johnson v. State, 1909, 57 Fla. 18, 49 So. 40; Pensacola Gas Co. v. Pebley, 1889, 25 Fla. 381, 5 So. 593; Koptyra v. State, Fla.App. 1965, 172 So.2d 628; Ivory v. State, Fla. App. 1965, 173 So.2d 759. In the Pensacola Gas Co. case the Supreme Court said that "[a] special plea tendering an issue covered by the plea of not guilty is improper". And in 22 C.J.S. Criminal Law § 436, p. 1238, it is said:
"In a criminal prosecution the accused may, and should, plead specially in bar any matter in confession and avoidance constituting a defense and not admissible under a plea of not guilty. He need not plead specially any defense which is admissible under the plea of not guilty, and by the weight of authority a special plea setting up a defense which is admissible under the plea of not guilty is bad and should be disallowed, unless it tenders merely an issue of law." (Emphasis supplied).
In United States v. Murdock, U.S.Ct. 1931, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210, 82 A.L.R. 1376, the high Court laid down the rule as follows:
"A special plea in bar is appropriate where defendant claims former acquittal, former conviction, or pardon (2 Bishop New Criminal Procedure [2d Ed.] §§ 742, 799, 805 et seq.) but there is no warrant for its use to single out for determination in advance of trial matters of defense either on questions of law or fact. * * * [S]uch a practice is inconsistent with prompt and effective administration of the law and is likely to result in numerous hearings, waste of courts' time, and unnecessary delays * * *."
In any trial of the instant case upon the merits, it would be incumbent upon the State to, among other things, carry its burden of proving the prior conviction of Dixon of the felony of forgery, and such proof must be technical and specific. Smith v. State, 1928, 96 Fla. 553, 119 So. 145, followed in Ballard v. State, 1928, 96 Fla. 566, 119 So. 146; Timmons v. State, 1929, 97 Fla. 23, 119 So. 393; Coulson v. State, 1933, 110 Fla. 281, 149 So. 522; Clinton v. State, 1940, 143 Fla. 356, 196 So. 684; Sparkman v. State Prison Custodian, 1944, 154 Fla. 688, 18 So.2d 772; and Warren v. State, Fla. 1954, 74 So.2d 688.
And such proof might be more than merely perfunctory; it might involve serious considerations, such as that which would seemingly exist in the case sub judice. The U.S. Supreme Court in Reynolds v. Cochran, 365 U.S. 525, 81 S.Ct. 723, 5 L.Ed.2d 754, said:
"* * * [W] e cannot know that counsel could not have found defects in the 193[4] (former) conviction that would have precluded its admission in a multiple-offender proceeding." (Emphasis supplied).
*67 And the high Court gets even closer home in the marginal note appended to the above text quotation:
"The proof of prior convictions in a second-offender proceeding may raise difficult evidentiary problems. See e.g., Shargaa v. State, Fla., 102 So.2d 809. Moreover, it can be presumed that if an accused second offender were able to make a successful collateral attack upon his first conviction, § 775.09 would not be applied. Cf. Fields v. State, Fla., 85 So.2d 609."
But in any event we are convinced that the far better procedural course to pursue would be for the Court at the trial level not to determine the merits of the question upon a mere motion prior to trial, but only at and during the trial itself where all the facts could be explored and presented and the matter decided and disposed of in a more orderly manner.
In the present posture of the case the order appealed from is reversed with direction that the trial Court deny the motion to quash as reinstated, and the trial of the cause proceed.
Reversed.
ALLEN, C.J., and SHANNON, J., concur.