201 So.2d 89 (1967)
James M. ECHOLS, Appellant,
v.
STATE of Florida, Appellee.
No. 6877.
District Court of Appeal of Florida. Second District.
July 7, 1967.
*91 John D. Goff of Branch & Goff, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
DRIVER, B.J., Associate Judge.
Appellant, James M. Echols, hereinafter referred to Defendant, was convicted of the crime of being a felon in possession of firearms, and appeals the judgment and sentence of guilty.
This is the third conviction for the defendant and since each separate conviction is material to the issues raised by his appeal, each will be briefly reviewed.
Defendant's first conviction was in 1960 in Hillsborough County for the crime of robbery. He was sentenced to seven years in the State Prison on this conviction. In 1963 defendant was again convicted in Hillsborough County, this time for the crime of a felon being in possession of firearms. The felony upon which the 1963 charge of felonious possession of firearms was based was the 1960 conviction of robbery. Defendant was again sentenced to the State Prison on this second conviction. Defendant's third and latest conviction, out of which this appeal arises, occurred in Hillsborough County in 1965 where defendant was initially arrested on a vagrancy charge but upon being searched a revolver and an ice pick were found on his person and he was also charged with being a felon in possession of firearms. The felony upon which this last charge was based was the 1963 conviction for felonious possession of firearms. Defendant was tried before the Court sitting without a jury and found guilty as charged.
Prior to trial defendant moved to suppress as evidence the revolver found on defendant's person at the time of his arrest, alleging that his arrest was illegal because it was done without benefit of a warrant and for a misdemeanor not committed in the arresting officer's presence. This motion was denied. Subsequent to denial of the motion to suppress defendant filed a motion which he styled "Motion to Dismiss Information and to Open Up, Vacate, and Set Aside Judgments, Convictions, and Sentences, and to Discharge Defendant." This latter motion sought to set aside defendant's first two convictions upon which his then pending charge was predicated.
Consideration will first be given to the ruling by the trial court on the defendant's Motion to Suppress. Defendant was arrested at about 9:30 P.M. by officers of the City of Tampa. These officers had just before the arrest received a call that a "prowler" had been seen in the 400 block of South Melville Street in Tampa. The description of the prowler, which the policemen had, in general fit the defendant. In answer to the prowler call the officers proceeded to the area and observed the defendant, who, according to the testimony, appeared to be trying to walk in the shadows cast by the buildings. The officer stopped the patrol car, at which time the defendant began to walk away and upon being stopped by the officers gave his name but refused to divulge his address and stated at the time that he was enroute to California looking for work. Based upon this, together with their knowledge that in the same area there had been numerous calls previously as to prowlers, the officers arrested the defendant, charging him with vagrancy and thereafter searched him, at which time the revolver and ice pick were found on his person. Defendant was convicted in the Municipal Court of Tampa on the charge of vagrancy for which he was arrested.
Defendant, in his Motion to Suppress and now in his briefs, contends that there was not probable cause to arrest him without a warrant since no misdemeanor had been committed in the officers' presence.
*92 It is to be conceded that this construction of the evidence can be indulged in when viewed from defendant's perspective. It is equally true, however, that the evidence may also be construed to justify the arrest. The weight and sufficiency of the evidence and the credibility of witnesses was a matter to be tried by the trial court. That court had all of the witnesses before it, heard their testimony and having applied the criteria that a trier of fact is required to utilize in evaluating testimony and evidence, it would be not only improper but presumptive of this Court to arbitrarily, months later and in a different place, substitute its judgment for that of the trial judge to whom the evidence was submitted. Even if we were so inclined, we would be precluded from doing so by the binding precedents of the law of this state. An opinion of this Court makes it abundantly clear that it is solely within the trial court's province to determine if the arrest of a defendant was legal when there is a conflict in the testimony as to whether or not the arrest of an accused was validly made. Diaz v. State, Fla.App., 181 So.2d 351. That opinion quoted with approval the language of the "late and learned" Judge Jack F. White, a judge of this Court, where in Urso v. State, Fla.App. 1961, 134 So.2d 810, Judge White declared:
"The question of whether an arrest is valid so as to support an incidental search is a mixed question of law and fact to be determined advisedly by the court. It is analogous to the question of `probable cause' in relation to search warrants."
This is not to say that an appellate court ought not to consider whether or not there is any evidence to justify an arrest, but if there be any, then the construction placed upon it by the trial court ought not to be disturbed. The facts in the case, sub judice, touching upon the arrest of the defendant are certainly as strong, or stronger, than those which this Court had before it for consideration in the case of Rinehart v. State, Fla.App., 114 So.2d 487; certiorari dismissed, 121 So.2d 654; certiorari denied, 365 U.S. 849, 81 S.Ct. 812, 114 So.2d 487, 5 L.Ed.2d 813. In Rinehart the defendant was arrested and charged with vagrancy on even less incriminating circumstances than was the defendant, Echols, and notwithstanding Rinehart was acquitted in a Municipal Court of the charge of vagrancy, this Court, speaking through Judge Shannon, observed in sustaining the validity of the arrest:
"The fact that subsequently the defendant was acquitted on the charge of vagrancy does not militate against or even decide the question of his arrest being lawful or unlawful. In Brown v. State, Fla. 1956, 91 So.2d 175, 177, our Supreme court stated:
* * * The fact that appellant was subsequently acquitted of this charge in the traffic court is of no consequence insofar as the validity of the arrest itself is concerned.'"
As noted above this defendant was convicted of the crime of vagrancy for which he was arrested.
The latest pronouncement by our Supreme Court admonishing against an appellate tribunal disturbing findings on matters of fact is to be found in the case of The Florida Bar v. Abramson, Fla., 199 So.2d 457, just decided in the January Term, 1967. Speaking through Mr. Justice Drew it was said:
"Evidentiary findings and conclusions of the trier of facts where supported by legally sufficient evidence should not lightly be set aside by those possessing the power of review."
We conclude, therefore, that there was no error which would justify us in reversing the trial court's Order denying defendant's Motion to Suppress the revolver found on his person and in overruling defendant's objections to the introduction of same into evidence.
*93 Even if the search of the defendant had been accomplished without benefit of a legal arrest, there is an additional compelling reason why the Motion to Suppress ought to have been denied: defendant was on parole from the Divisions of Corrections of the State of Florida and from the State Prison. Appellee urges that this Court ought not to consider defendant's parole status because of an incomplete record demonstrating same, but we find that defendant by his sworn Motions, and exhibits attached thereto, establishes this fact which was not traversed or controverted by the State at trial. An inmate of the State Prison who has been released on parole is a parolee and is still as much a prisoner under the law as his colleagues still languishing behind the walls of Raiford Prison.
"The parolee, although at large while on parole, is a prisoner no less than a prisoner physically confined. He is enduring compulsory expiation of an offense. He is under daily personal restraint. He is at all times answerable to prison system officials for his conduct. Such officials have authority to greatly circumscribe his freedom of choice and action. Being amenable to prison system rules and authority and under immediate restraints is he not, to all practical purposes, in custody? See Carpenter v. Lord, 88 Or. 128, 171 P. 577, 579, L.R.A. 1918D, 674, 677."
* * * * * *
"Once secured, and upon the terms and conditions imposed by the Commission, prisoners become parolees (trustees outside prison walls, as it were) but prisoners amenable to discipline, direction, and supervision of prison system officials none the less."
* * * * * *
"He has agreed not to use intoxicants to excess; not to frequent gambling places or juke joints; not to carry weapons with him, without consent."
* * * * * *
"He has agreed that he will live and remain at liberty without violating the law; that he will waive all extradition rights and process during the parole period; that he will allow the supervisor to visit him at his home; and that he will carry out all instructions that his parole supervisor may give."
Sellers v. Bridges, 153 Fla. 586, 15 So.2d 293, 148 A.L.R. 1240.
In the same vein we find, in 39 Am.Jur. 570, Pardon, Reprieve and Amnesty, Section 79, the following:
"As has been said, constitutional guaranties of personal rights and liberties accrue to free men and not to convicts who have been tried and convicted by a jury and have accepted the conditions on which the pardon was tendered."
Pardon, as used in the foregoing quote, refers to conditional pardon which is tantamount to parole.
"Although the parole grants him partial liberty and allows him greater freedom of movement than he had previously, it does not change his status as a convict. Both under statutes expressly so providing and otherwise, a paroled prisoner, although conditionally released from actual custody, remains in legal custody and is constructively a prisoner of the state or nation, as the case may be."
67 C.J.S. Pardons § 22(b), p. 610.
Neither the brief of defendant nor the State touched upon this question and our independent research has failed to turn up any case precisely in point, but the above enunciated principles, we are persuaded, inexorably lead to the conclusion that a parolee is without standing to suppress contraband found on his person. A parolee stands in no better position than those prisoners actually physically confined insofar as asserting his personal right against being searched for illegal weapons is concerned. As was pointed out by Mr. *94 Justice Sebring in Sellers v. Bridges, supra, parolees are "trustees outside prison walls, as it were", and it would indeed be an absurdity to permit a prisoner of the State, even a trustee, to complain that the sovereign had no right to search him for deadly weapons without his consent.
In reaching the conclusion which we have, we have not overlooked that the defendant was not arrested as a parolee, nor that the arresting officers were unaware at the time of the arrest and search that the defendant was a parolee. Applying a pragmatic test, however, the fact remains that the defendant was a parolee and having consented to not violate the law while on parole, still in constructive custody, he waived his right to object to the seizure of the revolver from his person.
We now advert to defendant's second ground for reversal of his conviction. Defendant in his "Motion to Dismiss Information, and to Open Up, Vacate, and Set Aside Judgments, Convictions, and Sentences, and to Discharge Defendant" attempts to collaterally attack the Information lodged against him on the last charge of felonious possession of firearms. In doing so he is confronted with the explicit pronouncements of this Court found in State v. Dixon, Fla.App., 193 So.2d 62, wherein it is expressed without equivocation that an accused charged with a crime which necessarily alleges as one of its indispensable elements a previous felony conviction, cannot raise the validity of the first felony conviction by a Motion to Quash, nor by Motion for post-conviction relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. Consequently, under the holding of State v. Dixon, supra, the trial court was correct in denying defendant's Motion which is in the nature of a Petition under C.P. Rule No. 1.
We might conclude here by affirming the trial court without further comment, but recognizing that this decision would not end the litigation for it does not foreclose the filing of additional proceedings under Rule No. 1, we deem it appropriate to pass upon the motion filed by the defendant so that all matters might be disposed of without additional burden to the trial court and futile efforts on the part of the defendant.
The substance of defendant's motion is to vitiate the convictions for felonious possession of firearms by having the original conviction and sentence for robbery set aside. The original robbery conviction and adjudication is the keystone to the State's case in both of the felonious possession of firearms convictions, and if it is set aside, those two subsequent convictions must necessarily be set aside also.
Defendant complains that the trial court did not give him the opportunity to proffer evidence in support of his motion. Such a ruling was correct under State v. Dixon, supra, and therefore not error. It is clear, however, from the record that defendant was permitted to file his motions with the Court, he was given the opportunity to demonstrate what he hoped to prove by his evidence, and thereafter on the face of the motions the Court denied it. Incidentally, it is to be noted that in doing so the trial court did not have the benefit of State v. Dixon, supra, which at the time had not been reported.
The motion and record considered by the trial court reflected that at the time defendant was first convicted of robbery in 1960 he was interrogated, arraigned, entered his plea of guilty and was sentenced, all without benefit of counsel. This was before the impact of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, on the state courts and if nothing further were shown, defendant would certainly be entitled to have this conviction set aside under Gideon. Defendant's motion, however, further demonstrated that subsequent to defendant's adjudication of guilt, and imposition of sentence on his plea of guilty, defendant's family obtained for him the services of a most able, conscientious, and diligent lawyer, one Francisco A. Rodriguez, who, it might be observed, *95 was in the forefront of the battle for individual constitutional rights long before the goad of Gideon v. Wainwright, supra, pricked the judicial conscience. Defendant, with his attorney, Rodriguez, appeared back before the court which had sentenced him on his plea of guilty to the robbery charge and on motion of defendant the sentence was set aside and vacated. Thereafter, defendant was again, accompanied by his counsel, brought before the court and sentenced to the same term originally given, seven years in the state prison. Defendant now, some six years later, complains that he was denied due process because he was not given an opportunity to move to have set aside his plea of guilty and adjudication of guilt. The record does not bear out this contention, for the record reflects that after setting aside the sentence the defendant was expressly asked if he had anything further to say which would preclude imposition of sentence and at this time had every opportunity to move to set aside his plea of guilty and the consequential adjudication of guilt. He did not so move and having waived this opportunity he ought not now to be heard to complain. It might be a different proposition if the defendant had made his motion to set aside his plea of guilty and adjudication of guilt and it had been denied, but such is not the case; he was granted at that time the very relief that he now seeks in this Court: to set aside or correct sentence, which is all that he is reasonably entitled to under Rule No. 1, Florida Rules of Criminal Procedure. Defendant's assertions that he was denied due process is nothing more than a self-serving conclusion for his latter day convenience.
Criminal Rule No. 1 was promulgated to afford one convicted of a crime a means to expeditious relief where, through ignorance or indigency, he was denied due process. It was not designed nor intended as a procedural "monkey wrench" to be placed in the hands of a disgruntled defendant that he might at his whim throw it into the judicial machinery to its damage and stoppage.
We now consider the 1963 conviction for felonious possession of firearms which it is to be recalled from previous discussion serves as a predicate for the conviction now being appealed. Defendant entered a plea of guilty to the 1963 charge while represented by the Public Defender of Hillsborough County, Florida. Notwithstanding that he was represented by the Public Defender throughout all of the proceedings in 1963, defendant ingeniously argues that he was nonetheless deprived of the benefit of counsel. This is so, he says, because prior to the appointment of the Public Defender in 1963 he had made a full confession of his guilt and that his representation thereafter was an empty formality and did not remove the taint of involuntariness from his plea of guilty. We find this argument to be without merit, for the principle is firmly imbedded in the law of this State that a prior confession does not vitiate a plea of guilty made subsequently with the aid and benefit of counsel. Williams v. State, 174 So.2d 775; Taylor v. State, Fla.App., 169 So.2d 861.
Defendant in his motions, brief, and arguments has dwelled at great length on the circumstances under which he confessed to the robbery charge and to the first felonious possession of firearms charge. We have not overlooked these facets of defendant's motion and argument, but these are not matters to be considered under a Rule 1 Petition, which we deem defendant's motion to be. Mason v. State, 167 So.2d 618; Williams v. State, supra; Hines v. State, Fla.App. 1967, 195 So.2d 605.
Finding no error, the judgment and conviction are affirmed.
PIERCE, Acting C.J., and HOBSON, J., concur.