PER CURIAM.
The appellant was found guilty upon seven informations charging breaking and entering. He was sentenced to 30 years imprisonment. The controlling point presented upon this appeal urges that the trial court committed reversible error by admitting into evidence fingerprints which were the fruit of an arrest, which it is claimed was illegal. See Bynum v. United States, 1958, 104 U.S.App.D.C. 368, 262 F.2d 465; but see Bynum v. United States, 1960, 107 U.S.App.D.C. 109, 274 F.2d 767.
The record establishes that the fingerprint evidence was the product of a prior arrest which occurred before appellant was a suspect in the investigation of the felonies for which he now stands convicted. There is no showing that the taking of the fingerprints was the object of the alleged unlawful arrest and consequently objectionable. Therefore, Bynum v. United States, 1958, 104 U.S.App.D.C. 368, 262 F.2d 465 is not applicable.
We reject appellant’s contention that the burden was upon the State to prove that the arrest was in fact valid. The determination of whether an arrest is valid, so as to support an incidental search, is a mixed question of law and fact to be determined advisedly by the trial court. See Urso v. State, Fla.App.1961, 134 So.2d 810; Diaz v. State, Fla.App.1965, 181 So.2d 351. The determination of the trial court in the instant case that the arrest was valid is supported by the record. See Reeves v. State, Fla.App.1966, 187 So.2d 403; Echols v. State, Fla.App.1967, 201 So.2d 89; Hall v. State, Fla.App.1967, 204 So.2d 746.
Affirmed.